IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HOMEVESTORS OF AMERICA, INC., <br> Plaintiff, <br><br> v. <br><br> WARNER BROS. DISCOVERY, INC., <br> Defendant. | § Case No.: 1:24MC01344 <br> § Underlying Litigation <br> § C.A. No. 22-1583-RGA <br> § United States District Court <br> § For the District of Delaware <br> § <br> § |

### Declaration of Hannah Waldman

1. I am attorney licensed to practice law in the state of California and an associate at Greenberg Glusker Fields Claman and Machtinger. Except as otherwise stated, the statements contained herein are based upon my own personal knowledge and, if called as a witness, I would testify competently thereto.

2. I represent Warner Bros. Discovery, Inc. in the litigation pending in the District of Delaware with the case caption *HomeVestors of America, Inc. v. Warner Bros. Discovery, Inc.*, C.A. No. 22-1583 (D. Del.). A true and correct copy of HomeVestors of America, Inc.'s ("HomeVestors") First Amended Complaint is attached hereto as **Exhibit 1**.

3. On March 8, 2024, Warner Bros. Discovery ("WBD") served a subpoena on HomeVestors' marketing agency, Calise Partners, LLC d/b/a Imaginuity ("Calise"). A true and correct copy of the subpoena is attached as **Exhibit 2**.

4. On March 22, 2024, Calise served its responses and objections to the subpoena. A true and correct copy of Calise's responses and objections is attached as **Exhibit 3**.

5. On May 14, 2024, my co-counsel, Joshua M. Geller, and I met with counsel for Calise, Steven Callahan. During this meeting, Mr. Geller offered to provide search terms in order to narrow the scope of the requests, which Mr. Callahan agreed to in principle.

1

6. The next day, counsel for Calise sent an email stating that "Calise will not be producing any e-mails or further documents in response to WBD's subpoena." A true and correct copy of this email is attached as **Exhibit 4**.

7. Since that exchange, WBD has continued to engage in the discovery process with HomeVestors. WBD has served multiple rounds of written discovery and has taken the depositions of all of HomeVestors' 30(b)(6) designees. HomeVestors has also served 14 productions, including one as recently as October 28, 2024. Despite this, WBD has been unable to obtain any Calise communications about HomeVestors' reputation and its internal assessment of consumer perceptions of HomeVestors. WBD has also not received any internal Calise documents pertaining to WBD's production company's alleged outreach to Calise.

8. In its initial disclosures, HomeVestors stated that Charlie Calise, founding chairman of Calise Partners, has knowledge of HomeVestors' trademarks, including their use, fame, and goodwill, and of HomeVestors' advertising under those marks. A true and correct copy of HomeVestors' Third Amended Initial Disclosures is attached as **Exhibit 5**.

9. HomeVestors also designated Charlie Calise as its 30(b)(6) designee on topics 7-15, 19-24, 31-32, as well as the individual qualified to testify on Interrogatory Nos. 1, 2, 3, 4, 5, and 8. True and correct copies of HomeVestors' Responses and Objections to WBD's 30(b)(6) Notice of Deposition and the non-confidential portion of HomeVestors Second Amended Responses to WBD's Interrogatories are attached as **Exhibits 6** and **7** respectively. A true and correct copy of an email identifying HomeVestors' designees is attached as **Exhibit 8**.

10. On its website, Calise states that its new entity, AdVestors, "will provide marketing and media services to the 170+ HomeVestors franchisees throughout the United States." A true and correct copy of a printout of this webpage is attached as **Exhibit 9**.

11. HomeVestors' reputation has been the subject of multiple negative press stories. Some of these stories ran as part of ProPublica's "Ugly Truth" series, which includes 10 articles published between May 2023 and January 2024. A true and correct copy of one of these publicly available articles is attached as **Exhibit 10**.

12. HomeVestors and WBD entered into a protective order over the underlying litigation. A true and correct copy of that order is attached as **Exhibit 11**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed November 1, 2024

*Hannah Waldman*
_____
Hannah G. Waldman