# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Delaware

| | | |
|---|---|---|
| HOMEVESTORS OF AMERICA, INC., | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 22-1583-RGA |
| WARNER BROS. DISCOVERY, INC. | ) | |
| | ) | |
| _Defendant_ | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Calise Partners, LLC c/o registered agent, Capitol Corporate Services, Inc.
            1501 S. Mopac Expy, Suite 220, Austin, TX 78746

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: First Legal Records c/o ATX Process, LLC<br>1411 W. 6th Street<br>Austin, TX 78703 | Date and Time:<br><br>04/04/2024 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    3/8/2024

|  _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Joshua M. Geller, Esq. |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Defendant Warner Bros. Discovery, Inc._____ , who issues or requests this subpoena, are:

Aaron J. Moss/Joshua M. Geller, Greenberg Glusker LLP, 2049 Century Park E #2600, LA, CA 90067, (310) 553-3610

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  22-1583-RGA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A TO SUBPOENA TO PRODUCE DOCUMENTS

## **DEFINITIONS**

As used below, the following terms have the meanings indicated:

1.　　"YOU," or "YOUR" means Calise Partners, LLC, and all of its affiliates, predecessors, successors, subsidiaries, divisions, parent companies, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on its behalf.

2.　　"HOMEVESTORS" means HomeVestors of America, Inc., and all of its affiliates, predecessors, successors, subsidiaries, divisions, parent companies, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on its behalf.

3.　　"THE PROGRAM" means the television program entitled "Ugliest House in America."

4.　　"THE LAWSUIT" means the action entitled *HomeVestors of America, Inc. v. Warner Bros. Discovery, Inc.*, Case 1:22-cv-01583-RGA (D. Del.)

5.　　"BIG FISH" means Big Fish Entertainment, LLC and its agents, representatives, attorneys, and others acting on its behalf.

6.　　"DOCUMENT" shall have the broadest possible meaning afforded under the Federal Rules of Civil Procedure and shall include, without limitation, any written, printed, typed, or other graphic matter of any kind or nature, however produced or reproduced, whether or not sent or received, private or confidential, final or draft, including drafts and copies bearing notations or marks not found on the original, or which otherwise differ from the original and

includes, but is not limited to, all books, records, memoranda, reports, notes, transcripts, letters, telegrams, cables, telex messages, facsimile cover sheets, ledgers, files, agreements, written communications of any type, correspondence, messages (including reports, notes, notations, and memoranda of or relating to telephone conversations, telegrams, conversations, meetings, conferences, and any oral communication), work papers, worksheets, purchase orders, statements, bills, invoices, receipts, summaries, opinions, journals, desk calendars, appointment books, time sheets, diaries, lists, photographs, videotapes, and other data compilations from which information can be obtained.

The term "DOCUMENT" further encompasses any "electronically stored information" ("ESI"), stored in any electronic medium which includes, without limitation, files stored on computer discs, computer hard drives, smart phones, tablets, "cloud" based services that may be remotely accessed via the Internet such as Dropbox, One Drive, Google Drive, etc., network servers, nodes (i.e., any devices connected to network servers), servers maintained by internet service providers or outside parties (e.g., Google Docs), and removable media (e.g., magnetic tapes, CD-ROMs, DVDs, floppy disks, diskettes, SD cards, USB or "thumb" drives, etc.) or any electronic storage devices, including, without limitation, email messages, cell phone text messages, Microsoft Word, Excel and PowerPoint documents, PDF files, digital photographs and images, information stored in databases, electronically-stored voice mail messages, electronically-stored facsimiles, archives of conversations held via instant message programs or group chat applications (e.g., WhatsApp, WeChat, Google Chat, Facebook Messenger, Skype, iMessage, Slack etc.), archives of conversations held via social media programs and websites (e.g., Facebook, Instagram, Twitter), caches of internet browsers which show websites visited and when they were visited and the like, electronically-stored images from security cameras, and

- 2 -

information from GPS tracking devices, location services, files stored on smartphones, and other

handheld devices (e.g., Androids, iPhones, Tablets etc.) or any other electronically stored

information. affidavits; analyses; appointment books; appraisals; articles from publications;

cables; calendars; charts; checks (cancelled or uncancelled); check stubs; confirmations;

contracts; correspondence; credit card receipts; desk calendars; desk pads; diaries; drafts;

estimates; evaluations; filings; financial statements; forms; invoices; journals; ledgers; letters;

words; sounds; symbols; lists; memoranda; minutes; notations; notes; opinions; orders;

pamphlets; papers; personnel files; permanent files; temporary files; pictures; press releases;

projections; prospectuses; publications; receipts; recordings of meetings and conversations;

reports; statements; statistical records; studies; summaries; tabulations; telegrams; telephone

records; telex messages; text messages; time sheets; transcripts; understandings; videotapes;

vouchers; work papers and sheets; or things similar to any of the foregoing, or any combination

thereof, however denominated.

A draft or non-identical copy of a document is a separate document within the meaning

of this term.

7.    The term "COMMUNICATIONS" as used herein refers to any and all contact

between two or more persons including, without limitation, all written contact by such means as

letters, memoranda, telegrams, text messages, archives of conversations held via instant message

programs or group chat applications (e.g., WhatsApp, WeChat, Google Chat, Facebook

Messenger, Skype, iMessage, Slack etc.), archives of conversations held via social media

programs and websites (e.g., Facebook, Instagram, Twitter), and e-mail and including, without

limitation, all oral contact by such means as face-to-face meetings and telephone conversations.

- 3 -

## INSTRUCTIONS

1.      These requests require production of DOCUMENTS or things that are in your possession, custody or control, and DOCUMENTS or things that are in the possession, custody or control of YOUR agents, employees, accountants, attorneys, representatives, or other persons who have DOCUMENTS deemed to be in YOUR possession, custody or control.

2.      In producing the DOCUMENTS requested, you are requested to produce all DOCUMENTS known or available to you regardless of whether such documents and things are possessed directly by you or your agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives, or investigators.  If any of the DOCUMENTS requested cannot be produced in full, produce them to the extent possible, specifying your reasons for your inability to produce them in full, and stating whatever information, knowledge or belief you have concerning the unproduced portion.  If any DOCUMENTS requested are no longer in existence, state for each DOCUMENT:  (a) the type of document or thing; (b) the type of information contained; (c) the date on which it ceased to exist; (d) the circumstances under which it ceased to exist; (e) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and (f) the identity of all persons having knowledge of its contents.

3.      Where knowledge or information in your possession is requested, the request extends to knowledge or information in the possession of your predecessors and/or successors, as well as to information in the possession of your officers, directors, agents, employees, servants, representatives and, unless privileged, attorneys.  Whenever an answer to these requests for production contains information which is not based upon your personal knowledge, state the source and nature of such information.

4.      Words in the singular include their plural meaning, and vice versa. The past tense includes the present tense where the clear meaning is not distorted by a change of tense, and words used in the masculine gender shall include the feminine gender and vice versa.  The words

83891-00028/5089078.1

"and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

5.     References to persons and other entities include their agents, employees, officers, directors, affiliated entities and companies, predecessors, successors, accountants, attorneys, and representatives.

6.     Unless otherwise specifically stated, all requests call for production of DOCUMENTS prepared, received, or dated at any time prior to and including the date of production.

7.     If a request calls for the production of a DOCUMENT as to which you claim any privilege or any other ground for withholding or otherwise failing to produce any requested document, please provide, at the time at which the other DOCUMENTs are produced, a log which, separately for each document not produced, sets forth:  (a) the identity of the author thereof, the parties thereto, and any person who helped in its preparation; (b) the title or other identifying data sufficient to describe the document for purposes of a subpoena duces tecum; (c) the date of the document, or, if no date appears thereon, the approximate date; (d) the identity of each person to whom the document, or any copy thereof, was transmitted, shown, or disclosed by any entity; (e) the purpose for which the document was prepared; (f) the non-privileged contents of the document, if any portion thereof is not subject to a claim of privilege; and (g) each and every fact or basis on which you claim such a privilege or ground for your refusal to produce the document, in such detail as would be required for WBD to test the claim of privilege on a motion to compel.

8.     In producing the DOCUMENTs requested herein, please produce them in their original file folders, if any, or in lieu thereof, attach to the set of DOCUMENTS produced from a given file a photostatic or electrostatic duplicate of all written or printed material on the original file folder.  In addition, the DOCUMENTS shall be produced in the same sequence as they are contained or found in the original file folder.  The integrity and internal sequence of the requested

- 5 -

documents within each file folder shall not be disturbed. Under no circumstances shall DOCUMENTS from any file folder be commingled with DOCUMENTS from any other file folder.

9.   In accordance with Federal Rules of Civil Procedure 26, these requests are continuing and you must immediately produce such additional responsive DOCUMENTS as you may later locate or acquire during the pendency of this action.

10.   In the event that YOU contend that any responsive DOCUMENTS should be designated as "Confidential," YOU may so designate such DOCUMENTS in accordance with the Stipulated Protective Order entered by the Court, a copy of which is attached hereto.

11.   Electronically Stored Information includes all documents that exist in electronic format.

     a.   Unless otherwise indicated, all Electronically Stored Information should be produced in single-page TIFF images with metadata fields preserved in the load file. The load file should be an Ipro load file (or an ASCII delimited text file with all images and data cross-referenced) containing the DOCUMENT breaks, a csv or dat file containing the beginning and ending DOCUMENT breaks.

     a.   All hard copy DOCUMENTS for which native electronic files never existed, no longer exist, or are not reasonably accessible also should be produced in single-page TIFF format. This includes, but is not limited to, scanned images of those DOCUMENTS which contain unique information after they were printed out, such as paper DOCUMENTS containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions. All scanned DOCUMENTS should be kept as they are in the regular course of business or in the alternative provide information identifying the custodian for each DOCUMENT.

- 6 -

b.  Emails should be produced in multi-page .pdf format. Production of emails must include all metadata relating to any given email (e.g., followup or importance flags set by the sender or recipient, the identity of individuals who were sent a "bcc" or blind carbon copy of the email, etc.) and any electronic attachments.

c.  All ESI DOCUMENTS containing native text should include an extracted text file.

d.  Excel documents should be produced in native format with all metadata preserved. Spreadsheets created with other software should be produced in a comma delimited format capable of being opened in Excel, if feasible.

e.  PowerPoint documents should be produced in native format with all metadata preserved, including speaker notes.

f.  All logs should be produced in native format.

g.  Audio, video or other recorded information shall be provided separately on a DVD or other storage device capable of being played on Windows 7 in a .wav or .mpeg format.

h.  All image files should include an OCR text file.

i.  All files shall be labeled with a Bates or control number.

j.  Parent/child attachment relationships shall be maintained.

k.  All image files should have a minimum resolution of 300 dpi and meet commonly accepted production standards to ensure that the image file is reliable and authentic.

l.  The metadata fields should include: DocID, EndDoc, Document Date, Sent Date (for email), File Name, Email Subject, File Type or File Extension, Email To, Email From, Email CC, Author, Begattach/Endattach or attachrange, File Extension, Custodian, Beg Group, and End Group.

- 7 -

m.     Propounding Party reserves the right to request additional DOCUMENTS in native format if it is determined the DOCUMENT is not readable or usable in a .pdf format.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Copies of all contracts or agreements between YOU and HOMEVESTORS.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to show all payments made to YOU by HOMEVESTORS.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to show YOUR costs or expenses for any services rendered to HOMEVESTORS.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS, including COMMUNICATIONS, relating to BIG FISH.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS, including COMMUNICATIONS, relating to THE PROGRAM.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS, including COMMUNICATIONS, relating to HOMEVESTORS' "Ugliest House of the Year" contest.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS, including COMMUNICATIONS, relating to any marketing or advertising services rendered for or in connection with HOMEVESTORS.

- 8 -

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS, including COMMUNICATIONS, relating to internal marketing plans or strategy developed by YOU and relating to HOMEVESTORS.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS, including COMMUNICATIONS, relating to THE LAWSUIT.

83891-00028/5089078.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HOMEVESTORS OF AMERICA, INC., )
)
    Plaintiff, )
)
  v. )  C.A. No. 22-1583-RGA
)
WARNER BROS. DISCOVERY, INC. )
)
    Defendant. )

## <u>STIPULATED PROTECTIVE ORDER</u>

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, plaintiff HomeVestors of America, Inc. ("HomeVestors") and defendant Warner Bros. Discovery, Inc. ("WBD"), by and through their respective undersigned counsel, that this Protective Order shall govern the disclosure, handling, and use of documents, testimony, materials, tangible things, or other means or transmitting or items of information (collectively, "Information"), regardless of how they or it are prepared, generated, stored, or transmitted, that are produced, given, presented or otherwise exchanged between the parties or produced or given by any non-parties throughout the duration of the above-captioned action (the "Action").

IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Protective Order shall be adopted.

1.    **DEFINITIONS**

For purposes of this Protective Order, the terms below shall have the following meanings:

1.1    Challenging Party: a Party or Non-Party (as those terms are defined below) that challenges the designation of Information for protection or limited disclosure under this Protective Order.

1.2    "CONFIDENTIAL" Information: non-public Information that contains or discloses information relating to trade secrets or other confidential research, development, technical, financial, or commercial information that a Party reasonably believes could, if disclosed, cause harm to its business operations or provide improper business or commercial advantage to another Party or Non-Party, or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure.

1.3    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as those terms are defined below) including their support staff.

1.4    Designating Party: a Party or Non-Party that designates Information it produces or generates in disclosures, in responses to discovery, or otherwise presents as evidence as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as those terms are defined below) in the Action.

1.5    Disclosure or Discovery Material: all Information that is produced or generated in disclosures, in responses to discovery, or otherwise presented as evidence in the Action.

1.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who (a) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (b) is not a current employee of a Party or of a Party's competitor, and (c) at the time of retention, is not anticipated to become an employee of a Party or of a Party's

2

competitor. By permitting disclosure of Protected Material (as that term is defined below) to a person claimed to be an expert under this definition, a Producing Party (as that term is defined below) shall not be deemed thereby to agree that such person is a qualified expert witness whose opinions may be offered under Rules 701 or 702 of the Federal Rules of Evidence.

1.7     Final Disposition: the later of (a) dismissal of all claims and defenses in this Action or any other action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action or any other action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, in which Protected Material (as that term is defined below) is disclosed, produced, or presented.

1.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information: extremely sensitive "CONFIDENTIAL" Information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such Information may include, without limitation, confidential finances and/or budgets, advertising strategies, confidential surveys, customer demographic information, trade secrets or other highly confidential research, development, technical, financial, or commercial information.

1.9     In-House Counsel: attorneys who are employees of a Party to the Action and act in the role and position of inside legal counsel. In-House Counsel does not include Outside Counsel of Record (as that term is defined below).

1.10     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

1.11     Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action and have appeared in the Action on behalf of

that Party or are members, partners, shareholders, associates, or otherwise affiliated with a law firm that has appeared on behalf of that Party in the Action.

1.12    Party: a named party to the Action (i.e., HomeVestors and WBD), including its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

1.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in the Action.

1.14    Professional Vendors: third-party persons or entities that provide to the Parties litigation support services in the Action (e.g., photocopying, imaging, videotaping, translating, preparing exhibits or demonstrations, and organizing, processing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.15    Protected Material: any Disclosure or Discovery Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 2.    **SCOPE**

This Protective Order shall apply to all Protected Material that is produced, disclosed, or generated either by a Party or Non-Party in connection with disclosures under Rule 26(a) of the Federal Rules of Civil Procedure, discovery, or otherwise presented as evidence in the Action. Moreover, this Protective Order shall apply to (a) any Information copied or extracted from Protected Material, (b) any copies, excerpts, summaries, or compilations of Protected Material, and (c) any testimony, conversations, or presentations by a Party or its Counsel that might reveal

or disclose Information that has been designated in accordance with the procedures and protocols set forth herein.

This Protective Order shall not, however, apply to (a) any Information that is in the public domain at the time of receipt by the Receiving Party, or that becomes part of the public domain after receipt by the Receiving Party, in a manner that does not violate this Protective Order, or (b) any Information that is known to the Receiving Party prior to being designated with a confidentiality designation in the Action or that is obtained by the Receiving Party from a source that lawfully obtained the Information, and was under no obligation of confidentiality to the Designating Party.

Nothing in this Protective Order shall (a) affect the right of the Producing Party to disclose or use its own Protected Material not obtained from another Party or Non-Party for any purpose, or (b) prevent or otherwise restrict Counsel from rendering legal advice to their client and in the course thereof relying on Protected Material provided by another Party or Non-Party, provided, however, that in relying on such Protected Material, Counsel shall not disclose, reveal, or describe the nature or content of any such Protected Material except insofar as allowed, if at all, under the terms of this Protective Order.

## 3.    DURATION

Even after Final Disposition of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 4.    DESIGNATING DISCLOSURE OR DISCOVERY MATERIAL

### 4.1    Restraint and Care in Designating Disclosure or Discovery Material

Each Party or Non-Party that designates Disclosure or Discovery Material for protection

under this Protective Order shall exercise restraint and take care to limit any designation to specific Information that qualifies under the appropriate standards set forth herein. If it comes to the attention of a Designating Party that Information it designated for protection under this Protective Order does not properly qualify for protection for the level of protection initially asserted, the Designating Party shall promptly notify the other Party or Parties that it is withdrawing or correcting the mistaken designation.

### 4.2    Timing of Designations

Except as otherwise provided herein, or stipulated to by the Parties or ordered by a court, each Party or Non-Party shall designate Disclosure or Discovery Material for protection under this Protective Order before the Information is disclosed or produced. If it comes to a Designating Party's attention that Information was not properly designated as Protected Material, that Designating Party shall promptly notify all Parties that it is designating the materials as Protected Material pursuant to paragraph 4.4 below.

### 4.3    Manner of Designating

a.    <u>Disclosure or Discovery Material in Documentary Form</u>

Disclosure or Discovery Material that is produced in documentary form (excluding transcripts) shall be designated by labeling or marking each page of the document with the appropriate designation.

b.    <u>Native Files</u>

Disclosure or Discovery Material that is produced in native electronic format shall be designated by appending to the file names an indication of the appropriate designation or by implementing any other reasonable method for designating materials produced in native electronic format. If such Disclosure or Discovery Material is printed, such as for use at a deposition or in a

6

court proceeding, the Party or Non-Party printing the materials shall label or mark each page of the printed materials with the designation of the electronic file.

      c.      <u>Depositions & Other Testimony</u>

An entire transcript of testimony or pages thereof may be designated by an appropriate statement either at the time the testimony is given or by notification within ten days after receipt of the final transcript. Transcripts containing pages designated with a confidentiality designation shall include an obvious legend on the title page indicating that the transcript contains Protected Material (e.g., "This transcript contains HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information"), and each transcript page containing Protected Material shall include a label or mark indicating the appropriate designation.

      d.      <u>Written Discovery</u>

Written discovery responses and Information contained therein or therewith shall be designated by means of a statement specifying the level of designation prior to each response that contains Protected Material or any other means of identifying the designation level of a particular response(s). Moreover, the title page for such written discovery responses shall also include an obvious legend indicating that the response contains Protected Material.

      e.      <u>Information or Items Made Available for Inspection</u>

Any Information made available for inspection prior to producing copies of selected Information shall initially be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," unless otherwise designated at or before the time of inspection. Thereafter, the Producing Party shall have a reasonable amount of time to review and designate the selected Information prior to producing copies to the Receiving Party.

      f.      <u>Information or Items Produced in Some Form Other than Documentary</u>

7

Disclosure or Discovery Material that is produced in some form other than documentary form shall be designated by affixing a legend with the appropriate designation in an obvious place on the exterior of the container or the like in which protectable Information is stored or maintained.

### 4.4    Inadvertent Failure to Designate Properly

Any Information that is inadvertently produced or disclosed without a designation or is inadvertently produced or disclosed either under or over designated may be correctly redesignated by the Producing Party providing written notice to Counsel for the Receiving Party, and the Receiving Party shall thereafter treat that Information as properly redesignated. Within five (5) business days of such written notice, the Producing Party shall produce to the Receiving Party replacement copies of the Information with the proper redesignation and such Information shall be protected under this Protective Order as if it had been initially so designated.

So long as the Producing Party provides the written notification within a reasonable amount of time after becoming aware of the inadvertent failure to designate or of its under or over designation, the initial failure to designate or the under or over designation shall not, standing alone, waive the Producing Party's rights to secure protection for the affected Information under this Protective Order. After timely correction of a designation by the Producing Party, the Receiving Party shall make reasonable efforts to afford the Information or items the protections set forth herein.

## 5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 5.1 Timing

A Party may challenge a confidentiality designation at any time. Unless a prompt challenge to a confidentiality designation is necessary to avoid a foreseeable, substantial, and unnecessary

burden on a Party or a significant disruption or delay in the litigation, a Party does not waive its right to challenge a confidentiality designation by foregoing to promptly challenge the designation after its disclosure.

### 5.2 Manner of Challenging

a. <u>Written Notice</u>

Any challenge to a confidentiality designation shall (i) be in writing, (ii) be served on Counsel of the Designating Party, (iii) particularly identify the Information (including for paginated documents page numbers as appropriate) that the Challenging Party contends should be differently designated, and (iv) describe the basis for each challenge.

b. <u>Meet and Confer</u>

Within five (5) business days of service of the written notice referenced in the preceding paragraph, the Parties shall meet and confer in an attempt to resolve each challenge in good faith. In conferring, the Challenging Party shall explain the basis for each challenge, and the Designating Party shall (i) review the challenged material, (ii) consider the basis for the challenge, and (iii) if not offering to change the challenged designation, explain the basis for the confidentiality designation. A Challenging Party shall only proceed to resolution by the Court if it has engaged in this meet and confer process.

c. <u>Resolution by the Court</u>

If the Parties cannot resolve a designation challenge, the Challenging Party may contact the Court pursuant to the dispute procedures in the Scheduling Order to seek a ruling that the Disclosure or Discovery Material in question is not entitled to the status of and protection associated with the Designating Party's designation.

The Designating Party shall bear the burden of persuasion regarding the propriety of any challenged designation. Frivolous challenges or those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on the other Party) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 6. ACCESS TO DESIGNATED MATERIALS

Except as otherwise provided, a Receiving Party shall have access to and may use Disclosure or Discovery Material that is disclosed or produced by another Party or Non-Party in connection with the Action only for prosecuting, defending, or attempting to settle the Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

After Final Disposition of the Action, all Receiving Parties must comply with the requirements of Section 13.

### 6.1 CONFIDENTIAL

Unless otherwise ordered by the Court, allowed under this Protective Order, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    a.    individuals who are permitted to receive information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    b.    no more than five (5) officers, directors, or employees (including In-House Counsel) of the Receiving Party to whom it is reasonably necessary to disclose and who agree to be bound by this Protective Order by signing a copy of Exhibit A and

have been disclosed to the Producing Party as recipients of "CONFIDENTIAL" material. Either Party may in good faith request the other Party's consent to designate one or more additional representatives; the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent, provided that such individuals agree to be bound by this Protective Order by signing a copy of Exhibit A.

**6.2    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to only the following:

a.     the Receiving Party's Outside Counsel of Record in this Action, employees of such Outside Counsel to whom it is reasonably necessary to disclose, and any Professional Vendors working at the direction of such Outside Counsel;

b.     one of Receiving Party's in-house counsel;

c.     any Expert of the Receiving Party to whom it is reasonably necessary to disclose, provided that such Expert (i) agrees to be bound by this Protective Order by signing a copy of Exhibit A, and (ii) complies with the procedures set forth below in Section 7;

c.     the Court, court personnel, and jury;

d.     court reporters, stenographers, or videographers, as well as their staff;

e.  professional jury or trial consultants, their staff, and mock jurors to whom it is reasonably necessary to disclose;

f.  any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

g.  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 7.  ACCESS BY EXPERTS

A Receiving Party that seeks to disclose Protected Material to an Expert shall provide the Producing Party with written notice that includes:

a.  the full name of the Expert and address of his or her primary residence and/or place of business;

b.  an up-to-date curriculum vitae, including a list of all current and former employers from the past ten (10) years and a list of all publications from the past ten (10) years;

c.  identification by name and number of the case and location of court, to the extent possible, of any litigation in which the Expert offered expert testimony in the past five (5) years and the nature of such testimony (e.g., by deposition, at a hearing, or at trial); and

d.  an executed copy of Exhibit A.

The Designating Party shall have up to five (5) business days after receipt of such written notice to object in writing to the Receiving Party's Outside Counsel.  A Receiving Party that makes a request and provides the information specified in the preceding paragraphs shall not disclose the subject Protected Material to the identified Expert until expiration of the notice period or

agreement by the Designating Party. Any objection by the Designating Party shall be for good cause and shall set forth in detail the grounds on which it is based. If during the notice period the Designating Party serves such an objection, there shall be no disclosure of the Protected Material until the objection is resolved.

If an objection is made, the Parties shall meet and confer within five (5) business days to attempt in good faith to resolve the dispute. If the dispute is not resolved, the Designating Party will have five (5) business days from the date of the meet and confer to initiate the dispute procedures pursuant to the Local Rules. Any motion filed pursuant to this Section 7 shall describe the circumstances with specificity and set forth in detail the reasons why disclosure to the expert should not be made.

## 8.     OTHER PROCEEDINGS

By entering this Protective Order and limiting the disclosure of information in the Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Protective Order who becomes subject to a motion to disclose another Party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 9.     NON-PARTY MATERIALS

The provisions of this Protective Order are applicable to all Information produced by a Non-Party in the Action. As such, the remedies and relief provided herein protect all materials produced by Non-Parties in the Action. However, nothing in this provision should be construed as prohibiting a Non-Party from seeking additional protections.

10.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party or a Producing Party learns that it has disclosed, inadvertently or otherwise, Protected Material to any person or in any circumstances not authorized under this Protective Order, such Party shall (a) immediately notify the Designating Party in writing of all the pertinent facts of the disclosure, (b) make every effort to prevent further unauthorized disclosure including retrieving all copies of the Protected Material from any recipients, (c) inform the recipients of all terms of this Protective Order, and (d) request that such recipients agree to be bound by this Protective Order by signing a copy of Exhibit A.

11.    **INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent production of any Disclosure or Discovery Material subject to the attorney-client privilege, work-product immunity, and/or other privilege or immunity shall not waive any such privilege or immunity, provided that (a) the Producing Party took reasonable efforts to prescreen such Disclosure or Discovery Material prior to the inadvertent production, (b) after the Producing Party becomes aware of the inadvertent production, the Producing Party promptly sends to each Receiving Party a written request for return of the inadvertently produced Disclosure or Discovery Material, and (c) the Producing Party provides a privilege log for the inadvertently produced Disclosure or Discovery Material.

Within three (3) business days of receiving such a request, a Receiving Party shall return to the Producing Party, or certify the destruction of, all Disclosure or Discovery Material identified by the Producing Party as being protected by a privilege and/or immunity and inadvertently produced. A Receiving Party shall not utilize or disseminate the information contained in the inadvertently produced Disclosure or Discovery Material for any purpose.

If the Receiving Party wishes to contest the claimed privilege or immunity, the Receiving Party shall provide written notice thereof to the Producing Party.

## 12.  **MISCELLANEOUS**

### 12.1  **Right to Further Relief**

Nothing in this Protective Order abridges the right of any Party or person to seek its modification by the Court in the future.

### 12.2  **Right to Assert Other Objections**

By stipulating to this Protective Order, the Parties do not waive the right to argue that certain Disclosure or Discovery Material may require additional or different protections than those set forth herein. Similarly, the Parties do not waive any right to object to another Party's use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

### 12.3  **Filing under Seal**

A Party seeking to file under seal any Protected Material must comply with D. Del. L.R. 5.1.3 and relevant CM/ECF Procedures. Where reasonably practicable, only the portions of documents containing Protected Material shall be filed under seal.

## 13.  **FINAL DISPOSITION**

Within ninety (90) days after the Final Disposition of this Action, and upon receipt of written notice from the Producing Party, each Receiving Party shall return all Protected Material to the Producing Party or destroy such material. As used in this Section 13, "all Protected Material" includes copies, abstracts, compilations, summaries, and any other format that reproduces or captures any Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party shall submit a written certification to the Producing Party by the 90-day deadline confirming the return or destruction of all the Producing Party's Protected Material.

Notwithstanding the provisions of this Section 13, Outside Counsel of a Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, communications, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material shall remain subject to this Protective Order as set forth in Section 3.

To the extent that the duties imposed on a Receiving Party by this Section 13 conflict with the Receiving Party's obligations in another action, the Receiving Party may forego returning and destroying Protected Material and shall seek guidance of this Court within a reasonable amount of time of becoming aware of the conflict.

<table>
<tr><td>

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700

*Attorneys for Plaintiff*

</td><td>

*/s/ Jennifer Ying*
Michael J. Flynn (#5333)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mflynn@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Defendant*

</td></tr>
</table>

SO ORDERED this 28 day of _____February_____, 2024

/s/ Richard G. Andrews
United States District Judge

16

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ declare that:

1.  My present residential address is

_____ ;

2.      My current employer is _____ ;

3.      My current occupation is _____ ;

4.      I have read in its entirety and understand the Protective Order that was issued by

the United States District Court for the District of Delaware on ____/____/_____ in the case

of *HomeVestors of America, Inc. v. Warner Bros. Discovery, Inc.*, C.A. No. 22-1583-RGA;

5.      I agree to comply with and be bound by all the provisions of the Protective Order;

6.      I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.

7. I will not disclose any information that is subject to the Protective Order in any manner

that is contrary to the provisions of the Protective Order; and

8. I agree to submit to the jurisdiction of the United States District Court for the District of

Delaware for the purpose of enforcing the terms of the Protective Order.

Signature: _____ Date: _____