# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **HomeVestors of America, Inc.,**<br>**Plaintiff,**<br>v.<br>**Warner Bros. Discovery, Inc.,**<br>**Defendant.** | **Civil Action No. 1:22-cv-1583-RGA** |

### NON-PARTY CALISE PARTNERS, LLC'S OBJECTIONS AND RESPONSES TO WARNER BROS. DISCOVERY, INC.'S SUBPOENA

Non-Party Calise Partners, LLC ("Calise") serves these Objections and Responses to Defendant Warner Bros. Discovery, Inc.'s ("Warner") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated March 8, 2024 (the "Subpoena"):

**I.    RESERVATION OF RIGHTS AND GENERAL OBJECTIONS**

The following reservation of rights and general objections apply to the Subpoena and each of the Subpoena's document requests (collectively, the "Requests"):

1.    Calise objects to the Subpoena because it does not permit Calise an adequate amount of time to comply with the Subpoena. The Subpoena purports to require Calise to produce documents in response to nine broad categories of document requests, but purports to only allow non-party Calise less than thirty days to produce its documents. Parties to a lawsuit are allowed at least thirty days to produce documents and Warner demonstrates no reason that Calise, as a non-party, should be subject to more onerous discovery obligations than an actual party. Failing to allow Calise an adequate amount of time to comply with the

1

Subpoena renders the Subpoena invalid and violates the duty under Federal Rule of Civil Procedure 45(d)(1) to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The Subpoena also fails to comply with Federal Rule of Civil Procedure 45(d)(3)(A)(i) and (iv) in that it fails to allow Calise an adequate amount of time to comply with the Subpoena and subjects Calise to undue burden. Calise has no obligation to comply with an invalid subpoena. *See, e.g., Johnson v. Petsmart, Inc.*, 06-CV-1716, 2007 WL 2852363, at *1-2 (M.D. Fla. Oct. 2, 2007); *Seals v. Shell Oil Co.*, 12-CV-1983, 2013 WL 3070844, at *3 (E.D. La. June 17, 2013); *Snoznik v. Jeld-Wen, Inc.*, 259 F.R.D. 217, 222 (W.D.N.C. 2009); *Wells v. State Farm Fire & Cas. Co.*, 13-CV-120, 2013 WL 3187279, at *3 (E.D. La. June 20, 2013); *Straight Path IP Group, Inc. v. Blackberry Ltd.*, 14-CV-80150, 2014 WL 3401723 (N.D. Cal. July 8, 2014).

2.      Calise objects to the Subpoena because Warner has not demonstrated that the Requests seek relevant documents that are necessary to Warner's case. Nor has Warner established that it has a substantial need for the requested documents and information.

3.      Calise objects to the Subpoena because Warner has not agreed to compensate Calise for Calise's time, attorney's fees, costs, and expenses incurred in responding to the Subpoena, including but not limited to Calise's time spent collecting, reviewing, and producing documents. *See, e.g., Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) ("Rule 45(d)(2)(B)(ii) requires the district court to shift a non-party's costs of compliance with a subpoena, if those costs are significant."); *ATLC, Ltd. v. Eastman Kodak Co.*, No. 06-416, 2006 WL 3422413, at *2 (M.D. Fla. Nov. 28, 2006); *In re New Eng. Carpenter Health Benefits Fund*, No. 06-4017, 2006 WL 3050806, at *2 (C.D. Ill. Oct. 24, 2006); *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001); *Linder v. Calero-Portocarrero*, 183 F.R.D. 314, 322

(D.D.C. 1998); *Phillip M. Adams & Assocs., L.L.C. v. Fujitsu Ltd.*, No. 05-64, 2010 WL 1064429, at *3-4 (D. Utah Mar. 18, 2010); *R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 F. App'x 880, 882-83 (3d Cir. 2002); *Guy Chem. Co. v. Romaco AG*, 243 F.R.D. 310, 313 (N.D. Ind. 2007); *Compaq Comp. Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 339 (N.D. Cal. 1995); Fed. R. Civ. P. 45(d)(1), 45(d)(2)(B)(ii), 45(d)(3)(A)(iv).

4. Calise objects to the Requests to the extent that they seek information that is not relevant to the issues of this proceeding or is not reasonably calculated to lead to the discovery of admissible evidence. Calise further objects to the Requests to the extent that they seek discovery that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Calise reserves the right to redact any irrelevant information from any documents produced in response to the Subpoena.

5. Calise objects to the Requests to the extent that they purport to seek information that is already within Warner's possession, custody, or control; that is a matter of public record or equally available to Warner; or that Warner can obtain from a party to the lawsuit.

6. Calise objects to each "definition," "instruction," and Request to the extent that it seeks information or documents that are subject to the attorney-client privilege, work product doctrine, joint defense or common interest privilege, any agreement between parties, any Court Order or any other privilege, immunity, or protection provided by law, or that are trial

3

preparation materials (collectively, "Privileged Materials"). No Privileged Materials will be produced or disclosed. Additionally, an objection based on the attorney-client privilege and/or work product doctrine or other privilege, immunity or protection should not be construed as a representation that such information exists or existed. Such objection indicates only that the Request is of such a scope as to embrace subject matter protected by the attorney-client privilege and/or work product doctrine, or other privilege, immunity or protection. Disclosure, inadvertently or otherwise, of any information subject to any such privilege, protection or doctrine should not constitute or be deemed to constitute a waiver of any privilege or other immunity from production.

7. Calise objects to each "definition," "instruction," and Request to the extent that it purports to impose obligations beyond those imposed by the applicable Local Rules, the Federal Rules of Civil Procedure, or any Order issued by the Court.

8. Calise objects to the extent that the Requests, by virtue of the definitions or otherwise, seek to define any person or entity other than Calise as having a duty to respond or provide information. These Requests are being answered by and on behalf of Calise.

9. Calise objects to the Subpoena's definition of "You" and "Your" because such definition is overly broad and unduly burdensome because it impermissibly expands the meaning of the person served with the Subpoena, Calise, and in doing so attempts to impose duties and obligations on, and seek documents from, persons and entities that were not served with the Subpoena.

10. Calise objects to the Subpoena's definitions of "HomeVestors" and "Big Fish," because these definitions are overly broad, unduly burdensome, vague, ambiguous, and call for Calise to make legal conclusions. Calise also objects to these definitions because Calise

4

has no way of knowing all individuals and entities purportedly falling within such definitions. Calise invites Warner to provide a list of all such persons and entities so that Calise can consider the definitions further.

11. Calise objects to the Subpoena's definitions of "Document" and "Communications" as such definitions are vague, ambiguous, overly broad, and unduly burdensome, and call for Calise to make legal conclusions.

12. Calise objects to Instructions Nos. 1-3, 5-9, and 11 because such instructions are overly broad, unduly burdensome, vague, and ambiguous. Calise also objects to these instructions because they attempt to impose obligations on Calise that are broader than any obligations imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or the applicable Local Rules.

13. Calise objects to each "definition," "instruction," and Request to the extent that it purports to require Calise to produce information relating to Calise's or another's trade secrets.

14. Calise objects to the Requests to the extent that they use terms that are not defined or understood by Calise.

15. Calise objects to the Subpoena to the extent that it purports to require Calise to log Privileged Materials.

16. Calise objects to the Requests to the extent that they are overly broad and unduly burdensome in that they seek all documents or information pertaining to a particular subject, regardless of how attenuated the document or the information may be to the Request.

17. Calise objects to the Requests as overly broad and unduly burdensome to the

extent that they purport to require Calise to search Calise's facilities and/or to inquire of Calise's employees other than those facilities and employees that would reasonably be expected to have responsive documents or possess responsive information.

18. Calise objects to the Requests to the extent that they purport to require Calise to search for and produce documents that are not maintained in a reasonably accessible form (e.g., backup tapes).

19. Calise objects to the Requests to the extent that they are overly broad and unduly burdensome in that they seek documents or information pertaining to "any," "all," "each" or "every" matter referenced in the Requests concerning a particular subject, regardless of how attenuated the document or the information may be to the Request.

20. Calise objects to the Requests to the extent that they use terms that are not defined or understood by Calise.

21. Calise objects to the Requests to the extent that they seek the disclosure of information or documents that Calise is not permitted to disclose pursuant to confidentiality obligations or agreements with others, or other agreements or any applicable law having privacy, confidentiality or non-disclosure provisions which prohibit the disclosure by Calise of another's information.

22. Calise objects to the Requests to the extent that they purport to require Calise to search for, inspect, or provide documents that are not within Calise's possession, custody, or control.

23. Calise objects to each Request to the extent that it is overly broad or unduly burdensome in that the burden or expense of complying with the Request outweighs its likely benefits.

24. To the extent that the Requests contain no date parameters or limitations, Calise objects to the Requests as being overly broad, unduly burdensome, and seeking information that is not relevant to a claim or defense of any party and/or is not reasonably calculated to lead to the discovery of admissible evidence.

25. Calise objects to the Subpoena to the extent that it purports to require Calise to produce e-mails or other forms of electronic correspondence, given, at a minimum, Calise's non-party status in the lawsuit.

26. Calise objects to the date and time set forth for the production of documents.

27. Calise objects to the Subpoena as being invalid to the extent that Warner failed to comply with Federal Rule of Civil Procedure 45(a)(4).

28. Calise has not concluded the investigation of facts or the discovery of information and documents relating to the Subpoena. Accordingly, Calise's responses are based on Calise's current knowledge and reasonable beliefs. Calise reserves the right to modify, alter, amend, or supplement any of the objections and responses to the Subpoena based on any subsequently obtained facts, information, or documents.

29. Nothing in Calise's general objections, specific objections or responses shall be construed as waiving any right or objection or admitting the competency, relevancy, materiality or admissibility into evidence of the documents or information sought in any Request, or Calise's written response thereto.

30. Calise's specific objections in response to a Request shall not be construed as a waiver or restriction of any other general objection applicable to the information falling within the scope of such Request.

## II.   SPECIFIC OBJECTIONS AND RESPONSES TO THE DOCUMENT REQUESTS

Calise's responses to the document requests are all made subject to and without waiver of the foregoing reservation of rights and general objections. To the extent that Calise cites specific objections when objecting to a particular document request, those specific objections are set forth because they are believed to be particularly applicable to the specific document request and are not to be construed as a waiver of any general objection to such document request. Specifically incorporating each of the foregoing general objections into each and every response below, and without waiving said objections, Calise responds as follows:

### REQUEST NO. 1:

>Copies of all contracts or agreements between YOU and HOMEVESTORS.

### RESPONSE:

Calise incorporates by reference the foregoing reservation of rights and general objections as if fully set forth herein. Calise objects to this Request to the extent that it calls for the disclosure of information or documents that are Privileged Materials. No Privileged Materials will be produced or disclosed. Calise objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Calise objects to this Request to the extent that it seeks documents that are not relevant to a claim or defense of any party and/or are not reasonably calculated to lead to the discovery of admissible evidence. Calise objects to the Request to the extent that it seeks documents that are publicly available, can be obtained from a party to Warner's lawsuit, or that are already (or will be) in Warner's possession, custody or control. Calise objects to the Request to the extent that it seeks disclosure of

information or documents that Calise is not permitted to disclose pursuant to confidentiality obligations or agreements with others. Calise objects to this Request because it purports to require Calise to disclose sensitive trade secret information.

Based on Calise's understanding of this Request, and subject to and without waiver of the foregoing objections and Calise's general objections, Calise states as follows: Assuming Warner agrees to compensate Calise for its time, expenses, and costs associated with responding to the Subpoena, Calise would anticipate meeting and conferring with Warner to appropriately narrow this Request, including to exclude from the scope of the Request documents that Warner can obtain from HomeVestors. Assuming agreement can be reached, Calise would then anticipate conducting a diligent search and producing non-privileged, relevant and responsive documents to this Request that are in Calise's possession, custody, or control.

### REQUEST NO. 2:

> DOCUMENTS sufficient to show all payments made to YOU by HOMEVESTORS.

### RESPONSE:

Calise incorporates by reference the foregoing reservation of rights and general objections as if fully set forth herein. Calise objects to this Request to the extent that it calls for the disclosure of information or documents that are Privileged Materials. No Privileged Materials will be produced or disclosed. Calise objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Calise objects to this Request to the extent that it seeks documents that are not relevant to a claim or defense of any party and/or are not reasonably calculated to lead to the discovery of admissible evidence. Calise objects to

the Request to the extent that it seeks documents that are publicly available, can be obtained from a party to Warner's lawsuit, or that are already (or will be) in Warner's possession, custody or control. Calise objects to the Request to the extent that it seeks disclosure of information or documents that Calise is not permitted to disclose pursuant to confidentiality obligations or agreements with others. Calise objects to this Request because it purports to require Calise to disclose sensitive trade secret information.

Based on Calise's understanding of this Request, and subject to and without waiver of the foregoing objections and Calise's general objections, Calise states as follows: Assuming Warner agrees to compensate Calise for its time, expenses, and costs associated with responding to the Subpoena, Calise would anticipate meeting and conferring with Warner to appropriately narrow this Request, including to exclude from the scope of the Request documents that Warner can obtain from HomeVestors. Assuming agreement can be reached, Calise would then anticipate conducting a diligent search and producing non-privileged, relevant and responsive documents to this Request that are in Calise's possession, custody, or control.

**REQUEST NO. 3:**

> DOCUMENTS sufficient to show YOUR costs or expenses for any services rendered to HOMEVESTORS.

**RESPONSE:**

Calise incorporates by reference the foregoing reservation of rights and general objections as if fully set forth herein. Calise objects to this Request to the extent that it calls for the disclosure of information or documents that are Privileged Materials. No Privileged Materials will be produced or disclosed. Calise objects to this Request because it is vague,

ambiguous, overly broad and unduly burdensome. Calise objects to this Request because it seeks documents that are not relevant to a claim or defense of any party and/or are not reasonably calculated to lead to the discovery of admissible evidence. Calise objects to this Request because it purports to require Calise to disclose sensitive trade secret information.

**REQUEST NO. 4:**

> All DOCUMENTS, including COMMUNICATIONS, relating to BIG FISH.

**RESPONSE:**

Calise incorporates by reference the foregoing reservation of rights and general objections as if fully set forth herein. Calise objects to this Request to the extent that it calls for the disclosure of information or documents that are Privileged Materials. No Privileged Materials will be produced or disclosed. Calise objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Calise objects to this Request to the extent that it seeks documents that are not relevant to a claim or defense of any party and/or are not reasonably calculated to lead to the discovery of admissible evidence. Calise objects to the Request to the extent that it seeks documents that are publicly available, can be obtained from a party to Warner's lawsuit, or that are already (or will be) in Warner's possession, custody or control. Calise objects to the Request to the extent that it seeks disclosure of information or documents that Calise is not permitted to disclose pursuant to confidentiality obligations or agreements with others. Calise objects to this Request to the extent that it purports to require Calise to disclose sensitive trade secret information.

Based on Calise's understanding of this Request, and subject to and without waiver of the foregoing objections and Calise's general objections, Calise states as follows: Assuming

11

Warner agrees to compensate Calise for its time, expenses, and costs associated with responding to the Subpoena, Calise would anticipate meeting and conferring with Warner to appropriately narrow this Request, including to exclude from the scope of the Request documents that Warner can obtain from HomeVestors or Warner itself. Assuming agreement can be reached, Calise would then anticipate conducting a diligent search and producing non-privileged, relevant and responsive documents to this Request that are in Calise's possession, custody, or control.

**REQUEST NO. 5:**

> All DOCUMENTS, including COMMUNICATIONS, relating to THE PROGRAM.

**RESPONSE:**

Calise incorporates by reference the foregoing reservation of rights and general objections as if fully set forth herein. Calise objects to this Request to the extent that it calls for the disclosure of information or documents that are Privileged Materials. No Privileged Materials will be produced or disclosed. Calise objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Calise objects to this Request to the extent that it seeks documents that are not relevant to a claim or defense of any party and/or are not reasonably calculated to lead to the discovery of admissible evidence. Calise objects to the Request to the extent that it seeks documents that are publicly available, can be obtained from a party to Warner's lawsuit, or that are already (or will be) in Warner's possession, custody or control. Calise objects to the Request to the extent that it seeks disclosure of information or documents that Calise is not permitted to disclose pursuant to confidentiality

obligations or agreements with others. Calise objects to this Request to the extent that it purports to require Calise to disclose sensitive trade secret information.

Based on Calise's understanding of this Request, and subject to and without waiver of the foregoing objections and Calise's general objections, Calise states as follows: Assuming Warner agrees to compensate Calise for its time, expenses, and costs associated with responding to the Subpoena, Calise would anticipate meeting and conferring with Warner to appropriately narrow this Request, including to exclude from the scope of the Request documents that Warner can obtain from HomeVestors or Warner itself. Assuming agreement can be reached, Calise would then anticipate conducting a diligent search and producing non-privileged, relevant and responsive documents to this Request that are in Calise's possession, custody, or control.

### REQUEST NO. 6:

> All DOCUMENTS, including COMMUNICATIONS, relating to HOMEVESTORS' "Ugliest House of the Year" contest.

### RESPONSE:

Calise incorporates by reference the foregoing reservation of rights and general objections as if fully set forth herein. Calise objects to this Request to the extent that it calls for the disclosure of information or documents that are Privileged Materials. No Privileged Materials will be produced or disclosed. Calise objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Calise objects to this Request to the extent that it seeks documents that are not relevant to a claim or defense of any party and/or are not reasonably calculated to lead to the discovery of admissible evidence. Calise objects to the Request to the extent that it seeks documents that are publicly available, can be obtained

from a party to Warner's lawsuit, or that are already (or will be) in Warner's possession, custody or control. Calise objects to the Request to the extent that it seeks disclosure of information or documents that Calise is not permitted to disclose pursuant to confidentiality obligations or agreements with others. Calise objects to this Request because it purports to require Calise to disclose sensitive trade secret information.

Based on Calise's understanding of this Request, and subject to and without waiver of the foregoing objections and Calise's general objections, Calise states as follows: Assuming Warner agrees to compensate Calise for its time, expenses, and costs associated with responding to the Subpoena, Calise would anticipate meeting and conferring with Warner to appropriately narrow this Request, including to exclude from the scope of the Request documents that Warner can obtain from HomeVestors. Assuming agreement can be reached, Calise would then anticipate conducting a diligent search and producing non-privileged, relevant and responsive documents to this Request that are in Calise's possession, custody, or control.

**REQUEST NO. 7:**

> All DOCUMENTS, including COMMUNICATIONS, relating to any marketing or advertising services rendered for or in connection with HOMEVESTORS.

**RESPONSE:**

Calise incorporates by reference the foregoing reservation of rights and general objections as if fully set forth herein. Calise objects to this Request to the extent that it calls for the disclosure of information or documents that are Privileged Materials. No Privileged Materials will be produced or disclosed. Calise objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Calise objects to this Request to the extent

that it seeks documents that are not relevant to a claim or defense of any party and/or are not reasonably calculated to lead to the discovery of admissible evidence. Calise objects to the Request to the extent that it seeks documents that are publicly available, can be obtained from a party to Warner's lawsuit, or that are already (or will be) in Warner's possession, custody or control. Calise objects to the Request to the extent that it seeks disclosure of information or documents that Calise is not permitted to disclose pursuant to confidentiality obligations or agreements with others. Calise objects to this Request because it purports to require Calise to disclose sensitive trade secret information.

Based on Calise's understanding of this Request, and subject to and without waiver of the foregoing objections and Calise's general objections, Calise states as follows: Assuming Warner agrees to compensate Calise for its time, expenses, and costs associated with responding to the Subpoena, Calise would anticipate meeting and conferring with Warner to appropriately narrow this Request, including to exclude from the scope of the Request documents that Warner can obtain from HomeVestors. Assuming agreement can be reached, Calise would then anticipate conducting a diligent search and producing non-privileged, relevant and responsive documents to this Request that are in Calise's possession, custody, or control.

**REQUEST NO. 8:**

> All DOCUMENTS, including COMMUNICATIONS, relating to internal marketing plans or strategy developed by YOU and relating to HOMEVESTORS.

**RESPONSE:**

Calise incorporates by reference the foregoing reservation of rights and general objections as if fully set forth herein. Calise objects to this Request to the extent that it calls for

the disclosure of information or documents that are Privileged Materials. No Privileged Materials will be produced or disclosed. Calise objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Calise objects to this Request to the extent that it seeks documents that are not relevant to a claim or defense of any party and/or are not reasonably calculated to lead to the discovery of admissible evidence. Calise objects to the Request to the extent that it seeks documents that are publicly available, can be obtained from a party to Warner's lawsuit, or that are already (or will be) in Warner's possession, custody or control. Calise objects to the Request to the extent that it seeks disclosure of information or documents that Calise is not permitted to disclose pursuant to confidentiality obligations or agreements with others. Calise objects to this Request because it purports to require Calise to disclose sensitive trade secret information.

Based on Calise's understanding of this Request, and subject to and without waiver of the foregoing objections and Calise's general objections, Calise states as follows: Assuming Warner agrees to compensate Calise for its time, expenses, and costs associated with responding to the Subpoena, Calise would anticipate meeting and conferring with Warner to appropriately narrow this Request, including to exclude from the scope of the Request documents that Warner can obtain from HomeVestors. Assuming agreement can be reached, Calise would then anticipate conducting a diligent search and producing non-privileged, relevant and responsive documents to this Request that are in Calise's possession, custody, or control.

**REQUEST NO. 9:**

> All DOCUMENTS, including COMMUNICATIONS, relating to THE LAWSUIT.

**RESPONSE:**

Calise incorporates by reference the foregoing reservation of rights and general objections as if fully set forth herein. Calise objects to this Request to the extent that it calls for the disclosure of information or documents that are Privileged Materials. No Privileged Materials will be produced or disclosed. Calise objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Calise objects to this Request to the extent that it seeks documents that are not relevant to a claim or defense of any party and/or are not reasonably calculated to lead to the discovery of admissible evidence. Calise objects to the Request to the extent that it seeks documents that are publicly available, can be obtained from a party to Warner's lawsuit, or that are already (or will be) in Warner's possession, custody or control. Calise objects to the Request to the extent that it seeks disclosure of information or documents that Calise is not permitted to disclose pursuant to confidentiality obligations or agreements with others. Calise objects to this Request because it purports to require Calise to disclose sensitive trade secret information.

Based on Calise's understanding of this Request, and subject to and without waiver of the foregoing objections and Calise's general objections, Calise states as follows: Assuming Warner agrees to compensate Calise for its time, expenses, and costs associated with responding to the Subpoena, Calise would anticipate meeting and conferring with Warner to appropriately narrow this Request, including to exclude from the scope of the Request documents that Warner can obtain from HomeVestors. Assuming agreement can be reached, Calise would then anticipate conducting a diligent search and producing non-privileged, relevant and responsive documents to this Request that are in Calise's possession, custody, or control.

DATED: March 22, 2024

Respectfully submitted,

*[signature]*

STEVEN CALLAHAN
 Texas State Bar No. 24053122
 scallahan@ccrglaw.com
**CHARHON CALLAHAN
ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Non-Party Calise Partners, LLC*

### **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document will be served on Warner's counsel, Joshua M. Geller, Esq., by e-mail and first-class mail on March 22, 2024.

*[signature]*

STEVEN CALLAHAN