# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HOMEVESTORS OF AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1583-RGA |
| | ) | |
| WARNER BROS. DISCOVERY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S FIRST AMENDED OBJECTIONS TO
WARNER BROS. DISCOVERY, INC.'S NOTICE OF RULE 30(B)(6) DEPOSITION**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff HomeVestors of America, Inc. ("HomeVestors") submits the following amended Objections to Defendant Warner Bros. Discovery, Inc.'s ("WBD") Notice of Rule 30(b)(6) Deposition. HomeVestors provides these objections based on information currently available to it and based on its understanding of the deposition topics. HomeVestors will supplement its objections as necessary in accordance with the rules and based on any subsequent agreements or understandings between the Parties. HomeVestors objects to the location, date, and time that was arbitrarily set by WBD without conferring with HomeVestors. HomeVestors will make one or more witnesses available at locations that are reasonable convenient to such witness(es) and on dates and times provided by HomeVestors based on witnesses availability. HomeVestors is willing to meet and confer with WBD at a mutually agreeable time to discuss the Notice and HomeVestors's objections, and to attempt to resolve any disputes or disagreements that may exist.

## PRELIMINARY STATEMENT AND
## OBJECTIONS TO DEFINITIONS

1.      By responding to the deposition notice, HomeVestors does not waive any objection that may be applicable to: (1) the use, for any purpose, by HomeVestors of any information given in response to the deposition; or (2) the admissibility, privilege, relevancy, authenticity, or materiality of any of the information to any issue in the case. HomeVestors expressly reserves the right to object to the use of these depositions and the subject matter contained in them during any subsequent proceeding, including the trial of this or any other action.

2.      HomeVestors objects to the definition of "HomeVestors," "You," and "Your" because it includes affiliates, predecessors, successors, subsidiaries, divisions, parent companies, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on its behalf.

3.      HomeVestors objects to the definitions and instructions because they seek to expand the scope of discovery obligations imposed by the Rules or other applicable law. HomeVestors will respond to Defendants' deposition notice as may be required by the Rules or applicable law.

## OBJECTIONS TO TOPICS FOR EXAMINATION

**Topic No. 5 (sic).**    YOUR business model, including without limitation how YOUR business operates and how it earns revenue and/or profit.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this Topic because the definition of "YOUR" is overly broad. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify regarding the general nature of HomeVestors's business model and how, in general terms, HomeVestors operates and earns revenue.

**Topic No. 6.**  YOUR "Franchise Disclosure Document," including as produced at HVA_00000001.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially because the topic is not specific in any way to which parts of HomeVestors's Franchise Disclosure Document that will be the subject of examination. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify generally regarding HomeVestors's Franchise Disclosure Document.

**Topic No. 7.**    The conception, creation and development of YOUR "Ugliest House of the Year" contest.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify regarding the conception, creation, and development of HomeVestors's "Ugliest House of the Year" contest.

**Topic No. 8.**    The marketing, advertising and promotion of YOUR "Ugliest House of the Year" contest.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, particularly because the topic is unbounded by time.

4

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify regarding the marketing, advertising, and promotion of HomeVestors's "Ugliest House of the Year" contest from 2018 to the present.

**Topic No. 9.**  YOUR marketing, advertising and promotional expenditures for the "Ugliest House of the Year" contest, including, without limitation, the dollar amount expended on an annual basis from 2018 to the present.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify regarding the marketing, advertising and promotional expenditures for the "Ugliest House of the Year" contest based on the dollar amount expended on an annual basis from 2018 to the present.

**Topic No. 10.** The solicitation or selection of entrants, contestants, participants and franchisees for YOUR "Ugliest House of the Year" contest.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, in particular, because it is unbounded by time. Further,

HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify regarding the solicitation and/or selection of entrants, contestants, participants and franchisees for HomeVestors's "Ugliest House of the Year" contest from 2018 to the present.

**Topic No. 11.** The process and procedures by which the "voting by the public" referenced in Paragraph 16 of YOUR FAC occurs, including the methods by which votes are solicited and recorded, and the selection of the winner.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, in particular, because it is unbounded by time. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify regarding the process and procedures by which voting by the public occurs to vote for the winner of the "Ugliest House of the Year" contest from 2018 to the present.

**Topic No. 12.** The target audience and market for YOUR "Ugliest House of the Year" contest.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly

burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, in particular, because it is unbounded by time. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify regarding the target audience and market for the "Ugliest House of the Year" contest from 2018 to the present.

**Topic No. 13.** The channels for promotion for YOUR "Ugliest House of the Year" contest.

**<u>RESPONSE</u>:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, in particular, because it is unbounded by time. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify regarding the channels HomeVestors uses to promote the "Ugliest House of the Year" contest from 2018 to the present.

**Topic No. 14.** The geographic areas where YOU have marketed, advertised or promoted the "Ugliest House of the Year" contest.

**<u>RESPONSE</u>:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly

burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, in particular, because it is unbounded by time.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify regarding the geographic areas where HomeVestors has marketed, advertised or promoted the "Ugliest House of the Year" contest from 2018 to the present.

**Topic No. 15.** Unsolicited media coverage of YOUR "Ugliest House of the Year" contest.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, in particular, because it is unbounded by time.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify regarding the unsolicited media coverage of the "Ugliest House of the Year" contest that HomeVestors is aware of from 2018 to the present.

**Topic No. 16.** The alleged fame and public recognition of the "Ugliest House of the Year" contest.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client

privilege, work-product doctrine, or other applicable privileges or exemptions from discovery. Finally, HomeVestors objects to this topic because HomeVestors has not alleged that the "Ugliest House of the Year" contest is famous.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify regarding the public recognition of the "Ugliest House of the Year" contest.

**Topic No. 17.** The creation, selection, development and adoption of THE UGLIEST HOUSE Marks.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will provide a witness to testify regarding non-privileged information concerning the creation, selection, development, and adoption of THE UGLIEST HOUSE Marks, which are as follows:

| MARK | REG. NO. |
|---|---|
| THE UGLIEST HOUSE OF THE YEAR | 5,304,576<br>(Incontestable) |

| MARK | REG. NO. |
|---|---|
|  | 5,304,577<br>(Incontestable) |
| WE BUY UGLY HOUSES | 3,099,814<br>(Incontestable) |
| WE BUY UGLY HOUSES | 2,999,705<br>(Incontestable) |
| UGLY HOUSE? | 5,172,916<br>(Incontestable) |

**Topic No. 18.** The products and services with which YOU have used each of THE UGLIEST HOUSE Marks.

**<u>RESPONSE</u>:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will provide a witness to testify regarding non-privileged information concerning the products and services that HomeVestors has used with each of THE UGLIEST HOUSE Marks from 2018 to the present.

10

**Topic No. 19.** The advertisement and promotion of products and services offered or provided in connection with each of THE UGLIEST HOUSE Marks.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will provide a witness to testify regarding non-privileged general information, including the advertising expenditures, regarding the promotion of products and services offered or provided in connection with each of THE UGLIEST HOUSE Marks from 2018 to the present.


**Topic No. 20.** The geographic area where YOU have advertised, promoted, offered or provided products or services in connection with each of THE UGLIEST HOUSE Marks.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will provide a witness to testify regarding non-privileged general information regarding the geographic area where HomeVestors has advertised, promoted, or offered products and services in connection with each of THE UGLIEST HOUSE Marks from 2018 to the present.

**Topic No. 21.** The channels of trade through which YOU have advertised, promoted, offered or provided products or services in connection with each of THE UGLIEST HOUSE Marks.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will provide a witness to testify regarding non-privileged general information regarding the channels of trade through which HomeVestors has advertised, promoted, or offered products and services in connection with each of THE UGLIEST HOUSE Marks from 2018 to the present.

**Topic No. 22.** The consumers to whom YOU have advertised, promoted, offered or provided products or services in connection with each of THE UGLIEST HOUSE Marks.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will provide a witness to testify regarding non-privileged general information regarding the consumers to whom HomeVestors has advertised, promoted, or offered products and services in connection with each of THE UGLIEST HOUSE Marks from 2018 to the present.


**Topic No. 23.** YOUR marketing, advertising and promotional expenditures for products and services offered or provided in connection with each of THE UGLIEST HOUSE Marks.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will provide a witness to testify regarding non-privileged general information regarding HomeVestors marketing, advertising, and

promotional expenditures for products and services offered or provided in connection with each of THE UGLIEST HOUSE Marks from 2018 to the present.

**Topic No. 24.** Unsolicited media coverage concerning each of THE UGLIEST HOUSE Marks.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, in particular, because it is unbounded by time.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify generally regarding the unsolicited media coverage that HomeVestors is aware of regarding HomeVestors with respect to THE UGLIEST HOUSE Marks from 2018 to the present.

**Topic No. 25.** The alleged fame and public recognition of each of THE UGLIEST HOUSE Marks.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery. HomeVestors also objects to this topic on the basis that the testimony calls for HomeVestors

14

contentions in this case, trial testimony before trial, and/or the testimony of expert witnesses and/or legal positions/contentions. In addition, HomeVestors objects to this topic because HomeVestors has not asserted that its marks THE UGLIEST HOUSE OF THE YEAR or UGLY HOUSE? are famous.

Pursuant to the foregoing objections, HomeVestors will provide a witness to testify regarding the facts supporting HomeVestors's claim that its WE BUY UGLY HOUSES marks are famous and the public recognition of each of THE UGLIEST HOUSE Marks.


**Topic No. 26.** YOUR sales of and profits for sales of products and services in connection with each of THE UGLIEST HOUSE Marks.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery. In addition, HomeVestors objects to this topic because the company does not track sales, revenue, or profits on a per trademark basis.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify regarding the general sales of products and services in connection with HomeVestors business, including the sales and revenues for HomeVestors from 2018 to the present.

**Topic No. 27.** Any inquiries received from any third party or franchisee concerning whether there is any relationship between WBD's goods or services, including without limitation the television program "Ugliest House in America," and YOUR goods or services.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify regarding the inquiries HomeVestors received regarding the television program "Ugliest House in America."

**Topic No. 28.** Any instances of actual confusion as to the relationship between YOU and WBD or concerning the source, sponsorship or affiliation between YOUR goods or services and WBD's goods or services, including without limitation the television program "Ugliest House in America." For the avoidance of doubt, the foregoing includes any specific instances in which a consumer of YOUR goods or services expressed or evidenced confusion as to the source of the television program "Ugliest House in America," or whether the program was sponsored by, or affiliated with, or approved by YOU.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and

disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify regarding the instances of actual confusion as to the relationship between HomeVestors and WBD or concerning the source, sponsorship or affiliation between HomeVestors' goods or services and WBD's goods or services, including without limitation the television program "Ugliest House in America."

**Topic No. 29.** The UGVille platform, including its purpose, its functioning, and its use by franchisees.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify regarding the general nature of the UGVille platform, including its purpose and its use by franchisees. HomeVestors will not provide a witness regarding the functionality of the UGVille platform.

17

**Topic No. 30.** YOUR business relationship with IMAGINUITY, including without limitation any contracts or agreements between YOU and IMAGINUITY, the services rendered to YOU by IMAGINUITY, and any amounts paid by YOU to IMAGINUITY.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Subject to and without waiving the foregoing, HomeVestors will provide a witness to testify regarding the general relationship between HomeVestors and Imaginuity/Calise Partners from 2018 to the present, including the contracts with Imaginuity/Calise Partners, the services provided by Imaginuity/Calise Partners, and manner in which funds are paid/allocated between HomeVestors and Imaginuity/Calise Partners.


**Topic No. 31.** Market studies, market research or surveys concerning THE UGLIEST HOUSE Marks.

**AMENDED RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-

client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will provide a witness to testify generally regarding non-privileged, non-work product market studies, market research or surveys about THE UGLIEST HOUSE Marks, if any.

**Topic No. 32.** YOUR business reputation.

**AMENDED RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will provide a witness on this topic.

**Topic No. 33.** Complaints or criticisms by customers about the business practices of or quality of services provided by YOU or YOUR franchisees.

**AMENDED RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because

the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will provide a witness to testify generally regarding the topic.

**Topic No. 34.** The ProPublica article entitled "The Ugly Truth Behind 'We Buy Ugly Houses,'" available at https://www.propublica.org/article/ugly-truth-behind-we-buy-ugly-houses, the allegations contained in that article, and any internal investigation or discussions regarding the same.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will provide a witness to testify solely to the factual allegations in the ProPublica article identified above, the factual allegations in the follow-up articles by ProPublica, and HomeVestors' public actions and public statements in

response to the allegations. HomeVestors will not provide a witness on "any internal investigation or discussions regarding the same."

**Topic No. 35.** YOUR profits, including how YOUR profits are earned and calculated and the estimated value to YOU of an individual home acquisition and sale.

**AMENDED RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will provide a witness to testify about HomeVestors' profits from 2018 to the present, HomeVestors' revenue streams, and the formula for calculating fees charged to franchisees for individual home acquisitions and sales.

**Topic No. 36.** Enforcement of YOUR rights in THE UGLIEST HOUSE Marks against third parties.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the

timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will provide a witness to testify regarding HomeVestors's enforcement efforts to protect its rights in the Asserted Marks.

**Topic No. 37.** Any harm YOU have suffered as a result of WBD's alleged infringement of THE UGLIEST HOUSE Marks.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will provide a witness to testify regarding the general nature of the harm that HomeVestors has and is continuing to suffer as a result of WBD's infringement of THE UGLIEST HOUSE Marks.

**Topic No. 38.** YOUR responses to WBD's interrogatories.

**AMENDED RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this

matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery. HomeVestors also objects to this topic on the basis that the testimony calls for HomeVestors contentions in this case, trial testimony before trial, and/or the testimony of expert witnesses and/or legal positions/contentions.

Pursuant to the foregoing objections, HomeVestors will only provide a witness to testify regarding HomeVestors's factual responses to WBD's Interrogatory Nos. 1-8, 11, 18, and 19. HomeVestors will not provide a witness on any of HomeVestors's objections to WBD's Interrogatories, nor on WBD's Interrogatory Nos. 9, 10, and 12-17.

**Topic No. 39.** YOUR privilege log(s).

**<u>RESPONSE</u>:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will not provide a witness on this topic.

**Topic No. 40.** You document collection efforts in connection with this action, including all documents YOU requested be collected by Calise Partners, LLC.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will not provide a witness on this topic.

**Topic No. 41.** YOUR document, file and record retention policies.

**RESPONSE:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Topic as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case. HomeVestors also objects to this topic because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. Further, HomeVestors objects to this topic because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Pursuant to the foregoing objections, HomeVestors will not provide a witness on this topic.

24

OF COUNSEL:

Justin S. Cohen
Justin.Cohen@hklaw.com
Dina W. McKenney
Dina.McKenney@hklaw.com
HOLLAND & KNIGHT LLP
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, TX 75201

Cynthia A. Gierhart
HOLLAND & KNIGHT LLP
Cindy.Gierhart@hklaw.com
800 17th Street NW, Suite 1100
Washington, DC 20006

Dated:  September 9, 2024

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*
*HomeVestors of America, Inc.*

25

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2024, true and correct copies of the foregoing document were served, via e-mail, on the following:

<table>
<tr><td>

**BY E-MAIL**

Michael J. Flynn
Jennifer Ying
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19801

</td><td>

BY EMAIL

Aaron J. Moss
Joshua Geller
Hannah G. Waldman
Greenberg Glusker Fields Claman &
   Machtinger LLP
2049 Century Park East
Suite 2600
Los Angeles, CA 90067


*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
farnan@rlf.com

</td></tr>
</table>