# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| HOMEVESTORS OF AMERICA, INC., | § | |
| Plaintiff, | § | Case No.: 1:24-MC-01344-DII |
| | § | Underlying Litigation |
| v. | § | C.A. No. 22-1583-RGA |
| | § | United States District Court |
| WARNER BROS. DISCOVERY, INC., | § | For the District of Delaware |
| Defendant. | § | |

## REPLY IN SUPPORT OF OPPOSED MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA TO CALISE PARTNERS, LLC

Warner Bros. Discovery, Inc. files this reply in support of its Motion to Compel Compliance with Rule 45 Subpoena to Calise Partners, LLC (the "Motion") and would respectfully show the Court as follows:

## REPLY

Calise Partners, LLC's ("Calise") opposition is misleading in multiple respects. First, Calise's claim that "WBD failed to meet and confer with Calise Partners regarding its motion before filing it" is not accurate. Second, although Plaintiff HomeVestors of America, Inc. ("HomeVestors") has provided *some* documents responsive to *some* of WBD's requests to Calise, recent deposition testimony revealed not only that responsive *internal* Calise communications exist but that they are highly relevant to this dispute. These are the documents WBD seeks in the Motion. They have never been produced.

Calise's internal documents and communications about HomeVestors, including those pertaining to its brand strategy and marketing plan, are probative of whether there is a likelihood of confusion between HomeVestors' real estate services and WBD's television series. Since Calise acted as HomeVestors' in-house marketing department for over a decade, Calise holds unique insights into the marketing efforts around HomeVestors' brand, and these documents are critical to

1

WBD's defenses to HomeVestors' infringement claims. Indeed, the party discovery that WBD obtained to date has only underscored the importance of Calise's internal documents to this litigation and have made this motion more, not less, necessary. Because these documents are critical to the resolution of the litigation and not available from any other source, Calise should be compelled to produce them.

## ARGUMENTS

### I. WBD Met with Calise in Good Faith.

Calise's accusation that WBD failed to meet and confer in advance of filing its motion is simply false. WBD's counsel met with Calise's prior-counsel, Steven Callahan, before filing its motion. (*See* Dkt. 1 at 3-4.[1]) Over the course of multiple meetings, the parties attempted to negotiate a set of document custodians from which to collect documents from and a set of search terms to help narrow the universe of potentially responsive documents. However, in the course of that meet and confer process, Calise steadfastly refused to agree to even *collect and review* documents from its CEO and founder, Charlie Calise.[2] Calise ultimately refused to produce *any* emails or other internal documents whatsoever, and Mr. Callahan unambiguously stated that "Calise will not be producing any e-mails or further documents in response to WBD's subpoena." *Id.* at In light of this refusal, the parties were at an impasse, and WBD was forced to bring the instant motion. Mr. Callahan accepted service and set a briefing schedule. *See* Ex. 5. Calise has since acquired new counsel, Holland & Knight, who has long represented Plaintiff HomeVestors and now represents Calise in connection with WBD's motion. (Dkt. 7-2 at 4.) Holland & Knight may not be aware, but WBD and Calise met and conferred fully.

---

[1] All docket citations are to the ECF page number.
[2] Despite protesting that Mr. Calise would not have had responsive documents, Mr. Calise was ultimately designated as a Rule 30(b)(6) witness for HomeVestors. During his deposition, he confirmed that he had responsive documents that had never been produced.

2

Calise has made no serious effort to compromise or change its position since retaining new counsel. While WBD was not required to restart its meet-and-confer efforts, WBD agreed to meet and confer further with Calise's new counsel, and explained in an email exchange the type of documents it sought by way of the motion. (Dkt. 7-2 at 3.) After receiving this explanation, Calise's new counsel cancelled a scheduled meet and confer because it would be, in Calise's counsel's words, not "productive." (*Id.*) WBD has done everything it could to avoid the need for this motion; it is Calise that has refused to compromise its position.

In its opposition, Calise claims that HomeVestors has already provided WBD with documents in response to Request Numbers 1-7 and 9, and that it has no documents responsive to Request Number 8. (Dkt. 7 at 5.) HomeVestors has produced *some* Calise documents showing HomeVestors' advertisements (most of which are duplicates and triplicates), compilations of links to publicly available articles about HomeVestors, and a limited set of external communications between Calise and HomeVestors' executives. But HomeVestors has *not* produced any internal emails within Calise discussing HomeVestors' marketing efforts and strategy or the efficacy and results of those efforts. It is these internal documents that WBD seeks by way of this motion, and Calise has steadfastly refused to search for and produce any such documents throughout the meet and confer process. (*See* Dkt. 7-2 at 2–4.)

## II. The Requested Documents Exist.

Calise now claims that it lacks documents responsive to Request Number 8 (which calls for documents and communications relating to internal marketing plans or strategy developed by Calise relating to HomeVestors), but that cannot be, and is not, accurate.

Calise served as HomeVestors internal marketing department for the last 14 years. Calise's founder, Charlie Calise, was designated by HomeVestors as a Rule 30(b)(6) corporate designee to testify about HomeVestors' marketing efforts, among several other topics. At that deposition, Mr.

Calise identified both specific documents, and general categories of communications containing relevant information responsive to Request Number 8. *See* Ex. 1, Dep. Tr. of Charlie Calise 23:15–24:3, 144:11–146:6. When WBD questioned Mr. Calise about the substance of specific communications between himself and other Calise employees, Plaintiff's counsel repeatedly objected and instructed Mr. Calise not to answer, *see id.* 27:1–29:19, 147:19-149:1, or Mr. Calise claimed not to recall the specifics of the conversations, *id.* 144:11–146:2.

After Mr. Calise's deposition, WBD's counsel sent an email attempting to obtain additional documents referenced during the deposition, as well as additional deposition testimony from Mr. Calise. Ex. 3 at 1–4. Plaintiff's counsel refused to provide additional deposition time and did not provide the requested additional Calise communications. *Id.* at 1–2. Mr. Calise testified to the existence of internal documents and communications that responsive to Request 8 and are materially relevant to a likelihood of consumer confusion inquiry in the trademark infringement context. Calise cannot now claim that these documents do not exist.

### III. WBD Exhausted All Other Methods of Discovery.

WBD attempted to obtain responsive documents from HomeVestors and to obtain the information contained in those documents through depositions, but was unable to do so, leaving enforcement of this subpoena as its sole recourse. Calise is the *only* entity that has provided consistent marketing and public relations services to HomeVestors, and HomeVestors' own executives and employees were unable to testify as to HomeVestors' marketing efforts and strategy. By way of example, HomeVestors' current and former CEOs repeatedly deferred to Calise when asked any questions about HomeVestors' marketing strategy or public relations, demonstrating that the most relevant discovery in this case is not within Plaintiff's custody or control. *See* Ex. 2, Depo. Tr. of Lawrence Goodman 42:2–25, 47:16–48:4, 154:14–155:1, 197:22–198:5; Ex. 4, Depo. Tr. of David Hicks 50:4–23, 53:22–54:12, 66:23–67:6, 80:19–23, 120:4–8, 174:22–175:11.

4

WBD has not received any of Calise's internal documents about HomeVestors' marketing efforts and strategy, which will provide the most straightforward assessment of the strength of HomeVestors' brand, the nature of its target market, and its marketing channels, among other topics. These are precisely the sort of issues that a trademark infringement case turns on, as they are key factors in assessing whether consumers are likely to be confused. WBD's lack of access to Calise's internal documents hamstrings WBD's ability to refute HomeVestors' claims. Accordingly, as the only entity in possession of documents important to the resolution of this case, Calise should be compelled to supply documents in accordance with WBD's subpoena.

## CONCLUSION

WBD respectfully requests that this Court grant WBD's Motion and compel Calise to comply with WBD's third party subpoena.

Dated: November 26, 2024            Respectfully submitted,

                                                  JACKSON WALKER LLP

                                        By: *Scott Weatherford*
                                                 Scott Weatherford
                                                 State Bar No. 24079554
                                                 Shannon M. Wright
                                                 State Bar No. 24131783
                                                 sweatherford@jw.com
                                                 swright@jw.com
                                                 100 Congress Ave., Suite 1100
                                                 Austin, TX 78701
                                                 Telephone: (512) 236-2000
                                                 Facsimile: (512) 236-2002

                                                 Aaron J. Moss (admitted pro hac vice)
                                                 Joshua M. Geller (admitted pro hac vice)
                                                 Hannah G. Waldman (admitted pro hac vice)
                                                 AMoss@ggfirm.com
                                                 JGeller@ggfirm.com
                                                 HWaldman@ggfirm.com
                                                 GREENBERG GLUSKER FIELDS
                                                 CLAMAN & MACHTINGER LLP
                                                 2049 Century Park East, Suite 2600
                                                 Los Angeles, CA  90067
                                                 Telephone:    310-553-3610
                                                 Facsimile:     310-553-0687


                                                 **ATTORNEYS FOR DEFENDANT**
                                                 **WARNER BROS. DISCOVERY, INC.**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 26, 2024, a true and correct copy of the foregoing was served upon all counsel of record for all parties in accordance with the Federal Rules of Civil Procedure.

                                                 */s/ Scott Weatherford*
                                                 Scott Weatherford