# Exhibit 3

**Waldman, Hannah**

| | |
|---|---|
| **From:** | Justin.Cohen@hklaw.com |
| **Sent:** | Tuesday, October 8, 2024 4:45 PM |
| **To:** | Geller, Joshua |
| **Cc:** | Berk, Jillian; Moss, Aaron; jying@morrisnichols.com; Dina.McKenney@hklaw.com; farnan@rlf.com; Cindy.Gierhart@hklaw.com; Waldman, Hannah |
| **Subject:** | RE: HomeVestors v. WBD - HomeVestors Journey Research Findings |

Thank you Josh. We have reviewed the transcript and your position. We disagree that WBD is entitled to any additional time with Mr. Calise.

Regards,

~Justin

**Justin S. Cohen He/Him | Holland & Knight**
Direct 214.969.1211 | Cell 214.605.1993
Add to address book | View professional biography

---

**From:** Geller, Joshua <jgeller@greenbergglusker.com>
**Sent:** Thursday, October 3, 2024 8:18 PM
**To:** Cohen, Justin S (DAL - X61211) <Justin.Cohen@hklaw.com>; Waldman, Hannah <hwaldman@greenbergglusker.com>
**Cc:** Berk, Jillian <jberk@greenbergglusker.com>; Moss, Aaron <amoss@greenbergglusker.com>; Ying, Jennifer <jying@morrisnichols.com>; McKenney, Dina (DFW - X61757) <Dina.McKenney@hklaw.com>; farnan@rlf.com; Gierhart, Cindy A (WAS - X75416) <Cindy.Gierhart@hklaw.com>
**Subject:** RE: HomeVestors v. WBD - HomeVestors Journey Research Findings

*[External email]*
Justin,

HomeVestors' position is unacceptable. In essence, instead of HomeVestors taking responsibility for its failure to perform a diligent search and identify one of the most critical documents in the case for at least 6 months, only to dump it on us the morning of the deposition of HomeVestors' main 30(b)(6) witness, you are suggesting that it was WBD's fault for not using its critical deposition time to review, analyze, and devise comprehensive lines of question about a 56-page document containing detailed discussions of market research about HomeVestors' brand. Needless to say, we disagree.

You also did not respond to our request for all communications relating to this document. Obviously, if it had been timely produced, we would have been able to serve an RFP to that specific effect, but regardless, it would be called for by any number of our RFPs. And while the parties had an agreed ESI search protocol for email discovery, given the inexplicable failure to uncover this study for so many months, HomeVestors is obligated to go back and run a new search specifically to find communications about it.

If HomeVestors is refusing to afford us additional time with Mr. Calise and search for responsive communications, we'll have to go to Court over this one. Please confirm.

Now, your email suggests a "compromise" – in essence, horse trading over some issues that HomeVestors thinks it still has with WBD's production. While I don't believe that's the right way to go about this—HomeVestors' obligations are what they are, and if HomeVestors thinks WBD hasn't produced something it should have, HomeVestors is free to take

1

that up with the Court—if you can be more specific about what issues you believe are still outstanding, at the very least we can narrow down the universe of remaining issues before we get the Court involved again.

Best,
Josh

**Joshua Geller**
Partner
Biography | vCard
310.201.7460 Direct
jgeller@greenbergglusker.com

**Greenberg Glusker LLP**
2049 Century Park East, Suite 2600
Los Angeles, CA  90067
GreenbergGlusker.com

This message is intended solely for the use of the addressee(s) and is intended to be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender at Greenberg Glusker and delete all copies of this email message along with all attachments. Thank you.

**From:** Justin.Cohen@hklaw.com <Justin.Cohen@hklaw.com>
**Sent:** Tuesday, October 1, 2024 4:59 PM
**To:** Waldman, Hannah <hwaldman@greenbergglusker.com>
**Cc:** Geller, Joshua <jgeller@greenbergglusker.com>; Berk, Jillian <jberk@greenbergglusker.com>; Moss, Aaron <amoss@greenbergglusker.com>; jying@morrisnichols.com; Dina.McKenney@hklaw.com; farnan@rlf.com; Cindy.Gierhart@hklaw.com
**Subject:** RE: HomeVestors v. WBD - HomeVestors Journey Research Findings

Hannah – it was actually March 2024. However, your indignation is misplaced. As both myself and with witness told you during the deposition, ████████████████████████████████████████████████████████████ He provided the presentation to me and we had it in process for production right away. I though that it was produced before the deposition (see Calise Depo at 21:3-4). Had it been produced when I had set it for production, you would have had it at most 1-2 days before Mr. Calise's deposition.

Once we realized that the document had not been produced before Mr. Calise's deposition, we had 6 color copies brought into the deposition room for you. My print request went to my assistant at 10 am and you had the copies roughly 20-30 minutes later. That's roughly 1 hour into the deposition, which began at 9:12 am.

Unfortunately, WBD chose not to ask questions about this document until around 6:30 pm, which happened to be when WBD only had around 30 minutes left on the record. I permitted WBD to go over 7 hours on the record to ask additional questions about this document, and offered WBD an opportunity to go even later (even though our court reporter appeared quite tired after 7pm). WBD failed to properly use its time to review this document and ask Mr. Calise questions about it. WBD also declined my offer of going further on the record. Further, Mr. Moss stated that he only needed around another 45 minutes on the record (Calise 273:8-10). So your request for an additional 2 hours is not well taken.

Looking at this production, it appears that the data for this study has already been produced (HVA_00047652 - HVA_00047663). That being said, I will check again with Mr. Calise to see if there are any additional documents like this one and if there is any additional data for this study.

2

Importantly, HVA has no obligation to provide WBD with additional deposition time with Mr. Calise for this document. That being said, we have reached impasse on a number of discovery items that we have asked WBD to produce, and we are waiting for a response to additional outstanding discovery issues. We are open to compromise where both parties agree to provide additional discovery that has previously been requested.

We are open to discussing these issues further if you would like.

Regards,

~Justin

**Justin S. Cohen He/Him** | **Holland & Knight**
Direct 214.969.1211 | Cell 214.605.1993
Add to address book | View professional biography

---

**From:** Waldman, Hannah <hwaldman@greenbergglusker.com>
**Sent:** Sunday, September 29, 2024 3:42 PM
**To:** Cohen, Justin S (DAL - X61211) <Justin.Cohen@hklaw.com>; McKenney, Dina (DFW - X61757) <Dina.McKenney@hklaw.com>; farnan@rlf.com; Gierhart, Cindy A (WAS - X75416) <Cindy.Gierhart@hklaw.com>
**Cc:** Geller, Joshua <jgeller@greenbergglusker.com>; Berk, Jillian <jberk@greenbergglusker.com>; Moss, Aaron <amoss@greenbergglusker.com>; Ying, Jennifer <jying@morrisnichols.com>
**Subject:** RE: HomeVestors v. WBD - HomeVestors Journey Research Findings

*[External email]*
Counsel,

There was a typo in my previous email. I intended to say March 2023, not March 2020.

Regards,
Hannah

**Hannah Waldman**
Associate

Biography | vCard
310.201.7527 Direct
hwaldman@greenbergglusker.com

**Greenberg Glusker LLP**
2049 Century Park East, Suite 2600
Los Angeles, CA  90067
**GreenbergGlusker.com**

This message is intended solely for the use of the addressee(s) and is intended to be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender at Greenberg Glusker and delete all copies of this email message along with all attachments. Thank you.

**From:** Waldman, Hannah
**Sent:** Sunday, September 29, 2024 1:29 PM
**To:** Justin.Cohen@hklaw.com; Dina.McKenney@hklaw.com; farnan@rlf.com; Cindy.Gierhart@hklaw.com
**Cc:** Geller, Joshua <jgeller@greenbergglusker.com>; Berk, Jillian <jberk@greenbergglusker.com>; Moss, Aaron <amoss@greenbergglusker.com>; 'Ying, Jennifer' <jying@morrisnichols.com>
**Subject:** HomeVestors v. WBD - HomeVestors Journey Research Findings

Counsel,

In March 2020, HomeVestors agreed to produce documents and communications relating to its contention that HomeVestors' marks enjoy "significant goodwill among relevant consumers" in response to RFP number 47. HomeVestors also agreed to produce all documents in support of its contentions, including all surveys and investigations relating to consumer confusion, all documents relating to the contention that HomeVestors is known as the "We Buy Ugly Houses people" and all documents relating to HomeVestors' contention that its marks are "famous" or have "public recognition" , as requested by RFP numbers 25, 29, 37, 48.

The document located at HVA_00047596 titled "HomeVestors Journey Research Findings" produced to us on September 26 during Mr. Calise's deposition (and referenced by Mr. Calise) falls within several categories of documents that HomeVestors agreed to produce months ago. It should have been produced months ago. WBD has been materially prejudiced by HomeVestors' delay in producing this document, as well as by HomeVestors' failure to produce all communications relating to this report, all data underlying the findings, complete records of all survey questions and focus group responses, the names and demographic information of the individuals sampled, and any other findings not contained in this report.

Please confirm by Tuesday, October 1, that HomeVestors will produce all aforementioned documents, which it was *already* required to produce, and designate an additional 30(b)(6) witness who has knowledge of this survey. Absent a firm commitment for both the production of documents and additional 2 hours of deposition time to question the designated witness, WBD will move for an order compelling the production of these documents and additional deposition testimony.

Regards,

Hannah

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.