# Exhibit 6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HOMEVESTORS OF AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1583-RGA |
| | ) | |
| WARNER BROS. DISCOVERY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## <u>STIPULATED PROTECTIVE ORDER</u>

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, plaintiff HomeVestors of America, Inc. ("HomeVestors") and defendant Warner Bros. Discovery, Inc. ("WBD"), by and through their respective undersigned counsel, that this Protective Order shall govern the disclosure, handling, and use of documents, testimony, materials, tangible things, or other means or transmitting or items of information (collectively, "Information"), regardless of how they or it are prepared, generated, stored, or transmitted, that are produced, given, presented or otherwise exchanged between the parties or produced or given by any non-parties throughout the duration of the above-captioned action (the "Action").

IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Protective Order shall be adopted.

1

1. **DEFINITIONS**

For purposes of this Protective Order, the terms below shall have the following meanings:

1.1   <u>Challenging Party</u>: a Party or Non-Party (as those terms are defined below) that challenges the designation of Information for protection or limited disclosure under this Protective Order.

1.2   <u>"CONFIDENTIAL" Information</u>: non-public Information that contains or discloses information relating to trade secrets or other confidential research, development, technical, financial, or commercial information that a Party reasonably believes could, if disclosed, cause harm to its business operations or provide improper business or commercial advantage to another Party or Non-Party, or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure.

1.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as those terms are defined below) including their support staff.

1.4   <u>Designating Party</u>: a Party or Non-Party that designates Information it produces or generates in disclosures, in responses to discovery, or otherwise presents as evidence as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as those terms are defined below) in the Action.

1.5   <u>Disclosure or Discovery Material</u>: all Information that is produced or generated in disclosures, in responses to discovery, or otherwise presented as evidence in the Action.

1.6   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Action who (a) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (b) is not a current employee of a Party or of a Party's competitor, and (c) at the time of retention, is not anticipated to become an employee of a Party or of a Party's

competitor. By permitting disclosure of Protected Material (as that term is defined below) to a person claimed to be an expert under this definition, a Producing Party (as that term is defined below) shall not be deemed thereby to agree that such person is a qualified expert witness whose opinions may be offered under Rules 701 or 702 of the Federal Rules of Evidence.

     1.7   <u>Final Disposition</u>: the later of (a) dismissal of all claims and defenses in this Action or any other action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action or any other action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, in which Protected Material (as that term is defined below) is disclosed, produced, or presented.

     1.8   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" </u>Information: extremely sensitive "CONFIDENTIAL" Information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such Information may include, without limitation, confidential finances and/or budgets, advertising strategies, confidential surveys, customer demographic information, trade secrets or other highly confidential research, development, technical, financial, or commercial information.

     1.9   <u>In-House Counsel</u>: attorneys who are employees of a Party to the Action and act in the role and position of inside legal counsel. In-House Counsel does not include Outside Counsel of Record (as that term is defined below).

     1.10   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

     1.11   <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action and have appeared in the Action on behalf of

that Party or are members, partners, shareholders, associates, or otherwise affiliated with a law firm that has appeared on behalf of that Party in the Action.

    1.12   <u>Party</u>: a named party to the Action (i.e., HomeVestors and WBD), including its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

    1.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in the Action.

    1.14   <u>Professional Vendors</u>: third-party persons or entities that provide to the Parties litigation support services in the Action (e.g., photocopying, imaging, videotaping, translating, preparing exhibits or demonstrations, and organizing, processing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    1.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    1.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 2.   <u>SCOPE</u>

This Protective Order shall apply to all Protected Material that is produced, disclosed, or generated either by a Party or Non-Party in connection with disclosures under Rule 26(a) of the Federal Rules of Civil Procedure, discovery, or otherwise presented as evidence in the Action. Moreover, this Protective Order shall apply to (a) any Information copied or extracted from Protected Material, (b) any copies, excerpts, summaries, or compilations of Protected Material, and (c) any testimony, conversations, or presentations by a Party or its Counsel that might reveal

or disclose Information that has been designated in accordance with the procedures and protocols set forth herein.

This Protective Order shall not, however, apply to (a) any Information that is in the public domain at the time of receipt by the Receiving Party, or that becomes part of the public domain after receipt by the Receiving Party, in a manner that does not violate this Protective Order, or (b) any Information that is known to the Receiving Party prior to being designated with a confidentiality designation in the Action or that is obtained by the Receiving Party from a source that lawfully obtained the Information, and was under no obligation of confidentiality to the Designating Party.

Nothing in this Protective Order shall (a) affect the right of the Producing Party to disclose or use its own Protected Material not obtained from another Party or Non-Party for any purpose, or (b) prevent or otherwise restrict Counsel from rendering legal advice to their client and in the course thereof relying on Protected Material provided by another Party or Non-Party, provided, however, that in relying on such Protected Material, Counsel shall not disclose, reveal, or describe the nature or content of any such Protected Material except insofar as allowed, if at all, under the terms of this Protective Order.

## 3. **DURATION**

Even after Final Disposition of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 4. **DESIGNATING DISCLOSURE OR DISCOVERY MATERIAL**

### 4.1 **Restraint and Care in Designating Disclosure or Discovery Material**

Each Party or Non-Party that designates Disclosure or Discovery Material for protection

under this Protective Order shall exercise restraint and take care to limit any designation to specific Information that qualifies under the appropriate standards set forth herein. If it comes to the attention of a Designating Party that Information it designated for protection under this Protective Order does not properly qualify for protection for the level of protection initially asserted, the Designating Party shall promptly notify the other Party or Parties that it is withdrawing or correcting the mistaken designation.

### 4.2 Timing of Designations

Except as otherwise provided herein, or stipulated to by the Parties or ordered by a court, each Party or Non-Party shall designate Disclosure or Discovery Material for protection under this Protective Order before the Information is disclosed or produced. If it comes to a Designating Party's attention that Information was not properly designated as Protected Material, that Designating Party shall promptly notify all Parties that it is designating the materials as Protected Material pursuant to paragraph 4.4 below.

### 4.3 Manner of Designating

a. Disclosure or Discovery Material in Documentary Form

Disclosure or Discovery Material that is produced in documentary form (excluding transcripts) shall be designated by labeling or marking each page of the document with the appropriate designation.

b. Native Files

Disclosure or Discovery Material that is produced in native electronic format shall be designated by appending to the file names an indication of the appropriate designation or by implementing any other reasonable method for designating materials produced in native electronic format. If such Disclosure or Discovery Material is printed, such as for use at a deposition or in a

court proceeding, the Party or Non-Party printing the materials shall label or mark each page of the printed materials with the designation of the electronic file.

        c.      <u>Depositions & Other Testimony</u>

An entire transcript of testimony or pages thereof may be designated by an appropriate statement either at the time the testimony is given or by notification within ten days after receipt of the final transcript. Transcripts containing pages designated with a confidentiality designation shall include an obvious legend on the title page indicating that the transcript contains Protected Material (e.g., "This transcript contains HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information"), and each transcript page containing Protected Material shall include a label or mark indicating the appropriate designation.

        d.      <u>Written Discovery</u>

Written discovery responses and Information contained therein or therewith shall be designated by means of a statement specifying the level of designation prior to each response that contains Protected Material or any other means of identifying the designation level of a particular response(s). Moreover, the title page for such written discovery responses shall also include an obvious legend indicating that the response contains Protected Material.

        e.      <u>Information or Items Made Available for Inspection</u>

Any Information made available for inspection prior to producing copies of selected Information shall initially be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," unless otherwise designated at or before the time of inspection. Thereafter, the Producing Party shall have a reasonable amount of time to review and designate the selected Information prior to producing copies to the Receiving Party.

        f.      <u>Information or Items Produced in Some Form Other than Documentary</u>

Disclosure or Discovery Material that is produced in some form other than documentary form shall be designated by affixing a legend with the appropriate designation in an obvious place on the exterior of the container or the like in which protectable Information is stored or maintained.

### 4.4 Inadvertent Failure to Designate Properly

Any Information that is inadvertently produced or disclosed without a designation or is inadvertently produced or disclosed either under or over designated may be correctly redesignated by the Producing Party providing written notice to Counsel for the Receiving Party, and the Receiving Party shall thereafter treat that Information as properly redesignated. Within five (5) business days of such written notice, the Producing Party shall produce to the Receiving Party replacement copies of the Information with the proper redesignation and such Information shall be protected under this Protective Order as if it had been initially so designated.

So long as the Producing Party provides the written notification within a reasonable amount of time after becoming aware of the inadvertent failure to designate or of its under or over designation, the initial failure to designate or the under or over designation shall not, standing alone, waive the Producing Party's rights to secure protection for the affected Information under this Protective Order. After timely correction of a designation by the Producing Party, the Receiving Party shall make reasonable efforts to afford the Information or items the protections set forth herein.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 5.1 Timing

A Party may challenge a confidentiality designation at any time. Unless a prompt challenge to a confidentiality designation is necessary to avoid a foreseeable, substantial, and unnecessary

burden on a Party or a significant disruption or delay in the litigation, a Party does not waive its right to challenge a confidentiality designation by foregoing to promptly challenge the designation after its disclosure.

**5.2**   **Manner of Challenging**

a.   <u>Written Notice</u>

Any challenge to a confidentiality designation shall (i) be in writing, (ii) be served on Counsel of the Designating Party, (iii) particularly identify the Information (including for paginated documents page numbers as appropriate) that the Challenging Party contends should be differently designated, and (iv) describe the basis for each challenge.

b.   <u>Meet and Confer</u>

Within five (5) business days of service of the written notice referenced in the preceding paragraph, the Parties shall meet and confer in an attempt to resolve each challenge in good faith. In conferring, the Challenging Party shall explain the basis for each challenge, and the Designating Party shall (i) review the challenged material, (ii) consider the basis for the challenge, and (iii) if not offering to change the challenged designation, explain the basis for the confidentiality designation. A Challenging Party shall only proceed to resolution by the Court if it has engaged in this meet and confer process.

c.   <u>Resolution by the Court</u>

If the Parties cannot resolve a designation challenge, the Challenging Party may contact the Court pursuant to the dispute procedures in the Scheduling Order to seek a ruling that the Disclosure or Discovery Material in question is not entitled to the status of and protection associated with the Designating Party's designation.

The Designating Party shall bear the burden of persuasion regarding the propriety of any challenged designation. Frivolous challenges or those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on the other Party) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 6. ACCESS TO DESIGNATED MATERIALS

Except as otherwise provided, a Receiving Party shall have access to and may use Disclosure or Discovery Material that is disclosed or produced by another Party or Non-Party in connection with the Action only for prosecuting, defending, or attempting to settle the Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

After Final Disposition of the Action, all Receiving Parties must comply with the requirements of Section 13.

### 6.1 CONFIDENTIAL

Unless otherwise ordered by the Court, allowed under this Protective Order, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a. individuals who are permitted to receive information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

b. no more than five (5) officers, directors, or employees (including In-House Counsel) of the Receiving Party to whom it is reasonably necessary to disclose and who agree to be bound by this Protective Order by signing a copy of Exhibit A and

10

have been disclosed to the Producing Party as recipients of "CONFIDENTIAL" material. Either Party may in good faith request the other Party's consent to designate one or more additional representatives; the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent, provided that such individuals agree to be bound by this Protective Order by signing a copy of Exhibit A.

**6.2    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to only the following:

a.  the Receiving Party's Outside Counsel of Record in this Action, employees of such Outside Counsel to whom it is reasonably necessary to disclose, and any Professional Vendors working at the direction of such Outside Counsel;

b.  one of Receiving Party's in-house counsel;

c.  any Expert of the Receiving Party to whom it is reasonably necessary to disclose, provided that such Expert (i) agrees to be bound by this Protective Order by signing a copy of Exhibit A, and (ii) complies with the procedures set forth below in Section 7;

c.  the Court, court personnel, and jury;

d.  court reporters, stenographers, or videographers, as well as their staff;

    e.      professional jury or trial consultants, their staff, and mock jurors to whom it is reasonably necessary to disclose;

    f.      any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

    g.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 7.    **ACCESS BY EXPERTS**

A Receiving Party that seeks to disclose Protected Material to an Expert shall provide the Producing Party with written notice that includes:

    a.      the full name of the Expert and address of his or her primary residence and/or place of business;

    b.      an up-to-date curriculum vitae, including a list of all current and former employers from the past ten (10) years and a list of all publications from the past ten (10) years;

    c.      identification by name and number of the case and location of court, to the extent possible, of any litigation in which the Expert offered expert testimony in the past five (5) years and the nature of such testimony (e.g., by deposition, at a hearing, or at trial); and

    d.      an executed copy of Exhibit A.

The Designating Party shall have up to five (5) business days after receipt of such written notice to object in writing to the Receiving Party's Outside Counsel. A Receiving Party that makes a request and provides the information specified in the preceding paragraphs shall not disclose the subject Protected Material to the identified Expert until expiration of the notice period or

agreement by the Designating Party. Any objection by the Designating Party shall be for good cause and shall set forth in detail the grounds on which it is based. If during the notice period the Designating Party serves such an objection, there shall be no disclosure of the Protected Material until the objection is resolved.

If an objection is made, the Parties shall meet and confer within five (5) business days to attempt in good faith to resolve the dispute. If the dispute is not resolved, the Designating Party will have five (5) business days from the date of the meet and confer to initiate the dispute procedures pursuant to the Local Rules. Any motion filed pursuant to this Section 7 shall describe the circumstances with specificity and set forth in detail the reasons why disclosure to the expert should not be made.

## 8. OTHER PROCEEDINGS

By entering this Protective Order and limiting the disclosure of information in the Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Protective Order who becomes subject to a motion to disclose another Party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 9. NON-PARTY MATERIALS

The provisions of this Protective Order are applicable to all Information produced by a Non-Party in the Action. As such, the remedies and relief provided herein protect all materials produced by Non-Parties in the Action. However, nothing in this provision should be construed as prohibiting a Non-Party from seeking additional protections.

13

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HOMEVESTORS OF AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1583-RGA |
| | ) | |
| WARNER BROS. DISCOVERY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, plaintiff HomeVestors of America, Inc. ("HomeVestors") and defendant Warner Bros. Discovery, Inc. ("WBD"), by and through their respective undersigned counsel, that this Protective Order shall govern the disclosure, handling, and use of documents, testimony, materials, tangible things, or other means or transmitting or items of information (collectively, "Information"), regardless of how they or it are prepared, generated, stored, or transmitted, that are produced, given, presented or otherwise exchanged between the parties or produced or given by any non-parties throughout the duration of the above-captioned action (the "Action").

IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Protective Order shall be adopted.

1

1.    **DEFINITIONS**

For purposes of this Protective Order, the terms below shall have the following meanings:

1.1    <u>Challenging Party</u>: a Party or Non-Party (as those terms are defined below) that challenges the designation of Information for protection or limited disclosure under this Protective Order.

1.2    <u>"CONFIDENTIAL" Information</u>: non-public Information that contains or discloses information relating to trade secrets or other confidential research, development, technical, financial, or commercial information that a Party reasonably believes could, if disclosed, cause harm to its business operations or provide improper business or commercial advantage to another Party or Non-Party, or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure.

1.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as those terms are defined below) including their support staff.

1.4    <u>Designating Party</u>: a Party or Non-Party that designates Information it produces or generates in disclosures, in responses to discovery, or otherwise presents as evidence as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as those terms are defined below) in the Action.

1.5    <u>Disclosure or Discovery Material</u>: all Information that is produced or generated in disclosures, in responses to discovery, or otherwise presented as evidence in the Action.

1.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Action who (a) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (b) is not a current employee of a Party or of a Party's competitor, and (c) at the time of retention, is not anticipated to become an employee of a Party or of a Party's

competitor. By permitting disclosure of Protected Material (as that term is defined below) to a person claimed to be an expert under this definition, a Producing Party (as that term is defined below) shall not be deemed thereby to agree that such person is a qualified expert witness whose opinions may be offered under Rules 701 or 702 of the Federal Rules of Evidence.

      1.7    <u>Final Disposition</u>: the later of (a) dismissal of all claims and defenses in this Action or any other action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action or any other action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, in which Protected Material (as that term is defined below) is disclosed, produced, or presented.

      1.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> Information: extremely sensitive "CONFIDENTIAL" Information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such Information may include, without limitation, confidential finances and/or budgets, advertising strategies, confidential surveys, customer demographic information, trade secrets or other highly confidential research, development, technical, financial, or commercial information.

      1.9    <u>In-House Counsel</u>: attorneys who are employees of a Party to the Action and act in the role and position of inside legal counsel. In-House Counsel does not include Outside Counsel of Record (as that term is defined below).

      1.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

      1.11    <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action and have appeared in the Action on behalf of

that Party or are members, partners, shareholders, associates, or otherwise affiliated with a law firm that has appeared on behalf of that Party in the Action.

1.12    <u>Party</u>: a named party to the Action (i.e., HomeVestors and WBD), including its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

1.13    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in the Action.

1.14    <u>Professional Vendors</u>: third-party persons or entities that provide to the Parties litigation support services in the Action (e.g., photocopying, imaging, videotaping, translating, preparing exhibits or demonstrations, and organizing, processing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 2.    <u>SCOPE</u>

This Protective Order shall apply to all Protected Material that is produced, disclosed, or generated either by a Party or Non-Party in connection with disclosures under Rule 26(a) of the Federal Rules of Civil Procedure, discovery, or otherwise presented as evidence in the Action. Moreover, this Protective Order shall apply to (a) any Information copied or extracted from Protected Material, (b) any copies, excerpts, summaries, or compilations of Protected Material, and (c) any testimony, conversations, or presentations by a Party or its Counsel that might reveal

or disclose Information that has been designated in accordance with the procedures and protocols set forth herein.

This Protective Order shall not, however, apply to (a) any Information that is in the public domain at the time of receipt by the Receiving Party, or that becomes part of the public domain after receipt by the Receiving Party, in a manner that does not violate this Protective Order, or (b) any Information that is known to the Receiving Party prior to being designated with a confidentiality designation in the Action or that is obtained by the Receiving Party from a source that lawfully obtained the Information, and was under no obligation of confidentiality to the Designating Party.

Nothing in this Protective Order shall (a) affect the right of the Producing Party to disclose or use its own Protected Material not obtained from another Party or Non-Party for any purpose, or (b) prevent or otherwise restrict Counsel from rendering legal advice to their client and in the course thereof relying on Protected Material provided by another Party or Non-Party, provided, however, that in relying on such Protected Material, Counsel shall not disclose, reveal, or describe the nature or content of any such Protected Material except insofar as allowed, if at all, under the terms of this Protective Order.

## 3. DURATION

Even after Final Disposition of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 4. DESIGNATING DISCLOSURE OR DISCOVERY MATERIAL

### 4.1 Restraint and Care in Designating Disclosure or Discovery Material

Each Party or Non-Party that designates Disclosure or Discovery Material for protection

under this Protective Order shall exercise restraint and take care to limit any designation to specific Information that qualifies under the appropriate standards set forth herein. If it comes to the attention of a Designating Party that Information it designated for protection under this Protective Order does not properly qualify for protection for the level of protection initially asserted, the Designating Party shall promptly notify the other Party or Parties that it is withdrawing or correcting the mistaken designation.

### 4.2 Timing of Designations

Except as otherwise provided herein, or stipulated to by the Parties or ordered by a court, each Party or Non-Party shall designate Disclosure or Discovery Material for protection under this Protective Order before the Information is disclosed or produced. If it comes to a Designating Party's attention that Information was not properly designated as Protected Material, that Designating Party shall promptly notify all Parties that it is designating the materials as Protected Material pursuant to paragraph 4.4 below.

### 4.3 Manner of Designating

a.    <u>Disclosure or Discovery Material in Documentary Form</u>

Disclosure or Discovery Material that is produced in documentary form (excluding transcripts) shall be designated by labeling or marking each page of the document with the appropriate designation.

b.    <u>Native Files</u>

Disclosure or Discovery Material that is produced in native electronic format shall be designated by appending to the file names an indication of the appropriate designation or by implementing any other reasonable method for designating materials produced in native electronic format. If such Disclosure or Discovery Material is printed, such as for use at a deposition or in a

court proceeding, the Party or Non-Party printing the materials shall label or mark each page of the printed materials with the designation of the electronic file.

        c.     <u>Depositions & Other Testimony</u>

An entire transcript of testimony or pages thereof may be designated by an appropriate statement either at the time the testimony is given or by notification within ten days after receipt of the final transcript. Transcripts containing pages designated with a confidentiality designation shall include an obvious legend on the title page indicating that the transcript contains Protected Material (e.g., "This transcript contains HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information"), and each transcript page containing Protected Material shall include a label or mark indicating the appropriate designation.

        d.     <u>Written Discovery</u>

Written discovery responses and Information contained therein or therewith shall be designated by means of a statement specifying the level of designation prior to each response that contains Protected Material or any other means of identifying the designation level of a particular response(s). Moreover, the title page for such written discovery responses shall also include an obvious legend indicating that the response contains Protected Material.

        e.     <u>Information or Items Made Available for Inspection</u>

Any Information made available for inspection prior to producing copies of selected Information shall initially be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," unless otherwise designated at or before the time of inspection. Thereafter, the Producing Party shall have a reasonable amount of time to review and designate the selected Information prior to producing copies to the Receiving Party.

        f.     <u>Information or Items Produced in Some Form Other than Documentary</u>

Disclosure or Discovery Material that is produced in some form other than documentary form shall be designated by affixing a legend with the appropriate designation in an obvious place on the exterior of the container or the like in which protectable Information is stored or maintained.

### 4.4 Inadvertent Failure to Designate Properly

Any Information that is inadvertently produced or disclosed without a designation or is inadvertently produced or disclosed either under or over designated may be correctly redesignated by the Producing Party providing written notice to Counsel for the Receiving Party, and the Receiving Party shall thereafter treat that Information as properly redesignated. Within five (5) business days of such written notice, the Producing Party shall produce to the Receiving Party replacement copies of the Information with the proper redesignation and such Information shall be protected under this Protective Order as if it had been initially so designated.

So long as the Producing Party provides the written notification within a reasonable amount of time after becoming aware of the inadvertent failure to designate or of its under or over designation, the initial failure to designate or the under or over designation shall not, standing alone, waive the Producing Party's rights to secure protection for the affected Information under this Protective Order. After timely correction of a designation by the Producing Party, the Receiving Party shall make reasonable efforts to afford the Information or items the protections set forth herein.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 5.1 Timing

A Party may challenge a confidentiality designation at any time. Unless a prompt challenge to a confidentiality designation is necessary to avoid a foreseeable, substantial, and unnecessary

burden on a Party or a significant disruption or delay in the litigation, a Party does not waive its right to challenge a confidentiality designation by foregoing to promptly challenge the designation after its disclosure.

### 5.2    Manner of Challenging

a.    <u>Written Notice</u>

Any challenge to a confidentiality designation shall (i) be in writing, (ii) be served on Counsel of the Designating Party, (iii) particularly identify the Information (including for paginated documents page numbers as appropriate) that the Challenging Party contends should be differently designated, and (iv) describe the basis for each challenge.

b.    <u>Meet and Confer</u>

Within five (5) business days of service of the written notice referenced in the preceding paragraph, the Parties shall meet and confer in an attempt to resolve each challenge in good faith. In conferring, the Challenging Party shall explain the basis for each challenge, and the Designating Party shall (i) review the challenged material, (ii) consider the basis for the challenge, and (iii) if not offering to change the challenged designation, explain the basis for the confidentiality designation. A Challenging Party shall only proceed to resolution by the Court if it has engaged in this meet and confer process.

c.    <u>Resolution by the Court</u>

If the Parties cannot resolve a designation challenge, the Challenging Party may contact the Court pursuant to the dispute procedures in the Scheduling Order to seek a ruling that the Disclosure or Discovery Material in question is not entitled to the status of and protection associated with the Designating Party's designation.

The Designating Party shall bear the burden of persuasion regarding the propriety of any challenged designation. Frivolous challenges or those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on the other Party) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 6.   ACCESS TO DESIGNATED MATERIALS

Except as otherwise provided, a Receiving Party shall have access to and may use Disclosure or Discovery Material that is disclosed or produced by another Party or Non-Party in connection with the Action only for prosecuting, defending, or attempting to settle the Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

After Final Disposition of the Action, all Receiving Parties must comply with the requirements of Section 13.

### 6.1   CONFIDENTIAL

Unless otherwise ordered by the Court, allowed under this Protective Order, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.   individuals who are permitted to receive information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

b.   no more than five (5) officers, directors, or employees (including In-House Counsel) of the Receiving Party to whom it is reasonably necessary to disclose and who agree to be bound by this Protective Order by signing a copy of Exhibit A and

have been disclosed to the Producing Party as recipients of "CONFIDENTIAL" material. Either Party may in good faith request the other Party's consent to designate one or more additional representatives; the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent, provided that such individuals agree to be bound by this Protective Order by signing a copy of Exhibit A.

**6.2    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to only the following:

a.    the Receiving Party's Outside Counsel of Record in this Action, employees of such Outside Counsel to whom it is reasonably necessary to disclose, and any Professional Vendors working at the direction of such Outside Counsel;

b.    one of Receiving Party's in-house counsel;

c.    any Expert of the Receiving Party to whom it is reasonably necessary to disclose, provided that such Expert (i) agrees to be bound by this Protective Order by signing a copy of Exhibit A, and (ii) complies with the procedures set forth below in Section 7;

c.    the Court, court personnel, and jury;

d.    court reporters, stenographers, or videographers, as well as their staff;

e.      professional jury or trial consultants, their staff, and mock jurors to whom it is reasonably necessary to disclose;

f.      any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

g.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7.**     **ACCESS BY EXPERTS**

A Receiving Party that seeks to disclose Protected Material to an Expert shall provide the Producing Party with written notice that includes:

a.      the full name of the Expert and address of his or her primary residence and/or place of business;

b.      an up-to-date curriculum vitae, including a list of all current and former employers from the past ten (10) years and a list of all publications from the past ten (10) years;

c.      identification by name and number of the case and location of court, to the extent possible, of any litigation in which the Expert offered expert testimony in the past five (5) years and the nature of such testimony (e.g., by deposition, at a hearing, or at trial); and

d.      an executed copy of Exhibit A.

The Designating Party shall have up to five (5) business days after receipt of such written notice to object in writing to the Receiving Party's Outside Counsel. A Receiving Party that makes a request and provides the information specified in the preceding paragraphs shall not disclose the subject Protected Material to the identified Expert until expiration of the notice period or

agreement by the Designating Party. Any objection by the Designating Party shall be for good cause and shall set forth in detail the grounds on which it is based. If during the notice period the Designating Party serves such an objection, there shall be no disclosure of the Protected Material until the objection is resolved.

If an objection is made, the Parties shall meet and confer within five (5) business days to attempt in good faith to resolve the dispute. If the dispute is not resolved, the Designating Party will have five (5) business days from the date of the meet and confer to initiate the dispute procedures pursuant to the Local Rules. Any motion filed pursuant to this Section 7 shall describe the circumstances with specificity and set forth in detail the reasons why disclosure to the expert should not be made.

## 8.     OTHER PROCEEDINGS

By entering this Protective Order and limiting the disclosure of information in the Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Protective Order who becomes subject to a motion to disclose another Party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 9.     NON-PARTY MATERIALS

The provisions of this Protective Order are applicable to all Information produced by a Non-Party in the Action. As such, the remedies and relief provided herein protect all materials produced by Non-Parties in the Action. However, nothing in this provision should be construed as prohibiting a Non-Party from seeking additional protections.

## 10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party or a Producing Party learns that it has disclosed, inadvertently or otherwise, Protected Material to any person or in any circumstances not authorized under this Protective Order, such Party shall (a) immediately notify the Designating Party in writing of all the pertinent facts of the disclosure, (b) make every effort to prevent further unauthorized disclosure including retrieving all copies of the Protected Material from any recipients, (c) inform the recipients of all terms of this Protective Order, and (d) request that such recipients agree to be bound by this Protective Order by signing a copy of Exhibit A.

## 11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL</u>

Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent production of any Disclosure or Discovery Material subject to the attorney-client privilege, work-product immunity, and/or other privilege or immunity shall not waive any such privilege or immunity, provided that (a) the Producing Party took reasonable efforts to prescreen such Disclosure or Discovery Material prior to the inadvertent production, (b) after the Producing Party becomes aware of the inadvertent production, the Producing Party promptly sends to each Receiving Party a written request for return of the inadvertently produced Disclosure or Discovery Material, and (c) the Producing Party provides a privilege log for the inadvertently produced Disclosure or Discovery Material.

Within three (3) business days of receiving such a request, a Receiving Party shall return to the Producing Party, or certify the destruction of, all Disclosure or Discovery Material identified by the Producing Party as being protected by a privilege and/or immunity and inadvertently produced. A Receiving Party shall not utilize or disseminate the information contained in the inadvertently produced Disclosure or Discovery Material for any purpose.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party or a Producing Party learns that it has disclosed, inadvertently or otherwise, Protected Material to any person or in any circumstances not authorized under this Protective Order, such Party shall (a) immediately notify the Designating Party in writing of all the pertinent facts of the disclosure, (b) make every effort to prevent further unauthorized disclosure including retrieving all copies of the Protected Material from any recipients, (c) inform the recipients of all terms of this Protective Order, and (d) request that such recipients agree to be bound by this Protective Order by signing a copy of Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent production of any Disclosure or Discovery Material subject to the attorney-client privilege, work-product immunity, and/or other privilege or immunity shall not waive any such privilege or immunity, provided that (a) the Producing Party took reasonable efforts to prescreen such Disclosure or Discovery Material prior to the inadvertent production, (b) after the Producing Party becomes aware of the inadvertent production, the Producing Party promptly sends to each Receiving Party a written request for return of the inadvertently produced Disclosure or Discovery Material, and (c) the Producing Party provides a privilege log for the inadvertently produced Disclosure or Discovery Material.

Within three (3) business days of receiving such a request, a Receiving Party shall return to the Producing Party, or certify the destruction of, all Disclosure or Discovery Material identified by the Producing Party as being protected by a privilege and/or immunity and inadvertently produced. A Receiving Party shall not utilize or disseminate the information contained in the inadvertently produced Disclosure or Discovery Material for any purpose.

If the Receiving Party wishes to contest the claimed privilege or immunity, the Receiving Party shall provide written notice thereof to the Producing Party.

## 12. MISCELLANEOUS

### 12.1 Right to Further Relief

Nothing in this Protective Order abridges the right of any Party or person to seek its modification by the Court in the future.

### 12.2 Right to Assert Other Objections

By stipulating to this Protective Order, the Parties do not waive the right to argue that certain Disclosure or Discovery Material may require additional or different protections than those set forth herein. Similarly, the Parties do not waive any right to object to another Party's use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

### 12.3 Filing under Seal

A Party seeking to file under seal any Protected Material must comply with D. Del. L.R. 5.1.3 and relevant CM/ECF Procedures. Where reasonably practicable, only the portions of documents containing Protected Material shall be filed under seal.

## 13. FINAL DISPOSITION

Within ninety (90) days after the Final Disposition of this Action, and upon receipt of written notice from the Producing Party, each Receiving Party shall return all Protected Material to the Producing Party or destroy such material. As used in this Section 13, "all Protected Material" includes copies, abstracts, compilations, summaries, and any other format that reproduces or captures any Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party shall submit a written certification to the Producing Party by the 90-day deadline confirming the return or destruction of all the Producing Party's Protected Material.

Notwithstanding the provisions of this Section 13, Outside Counsel of a Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, communications, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material shall remain subject to this Protective Order as set forth in Section 3.

To the extent that the duties imposed on a Receiving Party by this Section 13 conflict with the Receiving Party's obligations in another action, the Receiving Party may forego returning and destroying Protected Material and shall seek guidance of this Court within a reasonable amount of time of becoming aware of the conflict.

_/s/ Kelly E. Farnan_
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700

*Attorneys for Plaintiff*

_/s/ Jennifer Ying_
Michael J. Flynn (#5333)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mflynn@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Defendant*

SO ORDERED this 28 day of ____February____, 2024

/s/ Richard G. Andrews
United States District Judge

16

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ declare that:

1. My present residential address is

_____;

2.     My current employer is _____;

3.     My current occupation is _____;

4.     I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Delaware on ____/_____/_____ in the case of *HomeVestors of America, Inc. v. Warner Bros. Discovery, Inc.*, C.A. No. 22-1583-RGA;

5.     I agree to comply with and be bound by all the provisions of the Protective Order;

6.     I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

7. I will not disclose any information that is subject to the Protective Order in any manner that is contrary to the provisions of the Protective Order; and

8. I agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of the Protective Order.

Signature: _____ Date: _____

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:22-cv-01583-RGA HomeVestors of America, Inc. v. Warner Bros. Discovery, Inc. SO ORDERED |
| **Date:** | Wednesday, February 28, 2024 10:11:06 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Delaware**

### Notice of Electronic Filing

The following transaction was entered on 2/28/2024 at 1:09 PM EST and filed on 2/28/2024

**Case Name:**  HomeVestors of America, Inc. v. Warner Bros. Discovery, Inc.

**Case Number:**  1:22-cv-01583-RGA

**Filer:**

**Document Number:** 45

**Docket Text:**
**SO ORDERED, Granting [44] Stipulated Protective Order. Signed by Judge Richard G. Andrews on 2/28/2024. (nms)**

**1:22-cv-01583-RGA Notice has been electronically mailed to:**

Kelly E. Farnan    farnan@rlf.com, linda-loveless-5548@ecf.pacerpro.com, loveless@rlf.com

Christine Dealy Haynes    haynes@rlf.com, bouchard@rlf.com, roughgarden@rlf.com

Justin S. Cohen    justin.cohen@tklaw.com, iplitdocketing@hklaw.com

Michael J. Flynn    mflynn@mnat.com, mjfefiling@mnat.com, mnat_IP_eFiling@morrisnichols.com

Jennifer Ying    jying@mnat.com, jyefiling@mnat.com, mnat_IP_eFiling@morrisnichols.com

Cynthia A. Gierhart    Cindy.Gierhart@hklaw.com, hapi@hklaw.com

Dina W. McKenney    Dina.McKenney@hklaw.com

Joshua Geller    jgeller@greenbergglusker.com, calendar@greenbergglusker.com

Aaron J. Moss    amoss@greenbergglusker.com

**1:22-cv-01583-RGA Filer will deliver document by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=2/28/2024] [FileNumber=5478034-0
] [183081135139811c4fff66dee176817f04d06633082857257eb3d2d924cb5fac671
ff6b75a2306971d917b956d6d8ab5eedc3db5061e44191a02a99bcc3a49a3]]